Kimberly M. Ingram (SBN 305497)
BRADLEY ARANT BOULT
CUMMINGS LLP
1600 Division St, Suite 700
Nashville, TN 37203
Phone Number: (615) 252-3592
Fax Number: (615) 252-6357
kingram@bradley.com

*Attorneys for Defendants Blisslights,*
*LLC*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ShenZhen JingPinCheng Electronic Technology Co., Ltd., | Case No. 21CV1393 GPC RBB |
| Plaintiff, | **DEFENDANT BLISSLIGHTS, LLC'S MOTION TO DISMISS COMPLAINT; ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| Blisslights, LLC, Blisslights, Inc., Bliss Holdings, LLC, and Does 1–10, | Jury Demanded |
| Defendants. | The Honorable Gonzalo P. Curiel |
| | Date: November 12, 2021 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 2D, second floor of Edward J. Schwartz United States Courthouse |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION
## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on November 12, 2021, at 1:30 p.m. in the courtroom of the Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California, Defendant Blisslights, LLC will and hereby does move the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6). The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, any other matter that may be submitted at the hearing, and any further argument that the Court might allow.

Plaintiff's Complaint should be dismissed as follows. First, Plaintiff seeks a declaratory judgment that United States Patent No. 8,057,045 (the "'045 Patent") is invalid and that Plaintiff's "Galaxy Star Projector" does not infringe the '045 Patent. Regardless of their truth or falsity, Plaintiff's allegations are not sufficient to establish that an actual case or justiciable controversy exists. Thus, Plaintiff's declaratory relief claims should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Second, even if Plaintiff's allegations were sufficient to establish that an actual case or controversy exists, Plaintiff's allegations of inequitable conduct do not satisfy the pleading standards under Fed. R. Civ. P. 9(b) and the Federal Circuit's decision in *Exergen Corp. v. Wal–Mart Stores, Inc.,* 575 F.3d 1312, 1326, 1328-29 (Fed. Cir. 2009). Thus, Plaintiff's inequitable conduct claims must be dismissed pursuant to Fed. R. Civ. Pro. 9(b) and 12(b)(6). Third, Plaintiff's claims related to Bliss Holdings, LLC's bankruptcy are flatly contradicted by the record in that bankruptcy case and Exhibit H attached to the Complaint. Thus, such claims must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).  Finally, Plaintiff's state law claims are preempted by federal patent law, and, even if not preempted, do not state a claim for relief.  Thus, Plaintiff's state law claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). For these reasons, and those further explained below, the Court should dismiss the Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ...........................2

PRELIMINARY STATEMENT ............................................................2

LEGAL STANDARD ..........................................................................3

    A.  Federal Rule of Civil Procedure 12(b)(1)....................................3

    B.  Federal Rule of Civil Procedure 12(b)(6)....................................4

    C.  Federal Rule of Civil Procedure 9(b) ..........................................5

ARGUMENT .....................................................................................6

I.    Plaintiff's First and Second Claims for Declaratory Relief Should Be Dismissed for Lack of an Actual Case or Justiciable Controversy. ...............6

    A.  Plaintiff's Jurisdictional Allegations Are Mere Conclusions...................6

    B.  The Declaratory Judgment Act Requires that an Actual Case or Justiciable Controversy Exist Between the Parties. ...................7

    C.  No Actual Case or Justiciable Controversy Exists Between the Parties. ..........................................................................8

II.   Plaintiff's Claims of Inequitable Conduct in Claim II Should Be Dismissed As They Fail to Meet the Standards Of Rule 9(b) and *Exergen.* .....................................................................9

    A.  Plaintiff Fails to State a Claim of Inequitable Conduct Arising From Any Alleged Failure to Disclose Prior Art During the Prosecution of the '045 Patent (Compl. [Dkt. No. 1] at ¶¶ 63-72)..................................10

    B.  Plaintiff Fails to State a Claim of Inequitable Conduct As a Result of the Alleged Failure to Submit a Written Statement of an Interview With an Examiner During the Prosecution of the *'345* Patent (Compl. [Dkt. No. 1] at ¶¶ 73-75). .........................................12

    C.  Plaintiff Fails to State a Claim of Inequitable Conduct Arising From Declarations Stating That a Failure to Pay Maintenance Fees for the '345 Patent Were Unintentional (Compl. [Dkt. No. 1] at ¶¶ 76-79)........14

DEFENDANTS' MOTION TO DISMISS COMPLAINT

D. Plaintiff' Claim Arising From Alleged False Statements Made In Reissue Applications (Compl. [Dkt. No. 1] at ¶¶ 80-90) Is Not Ripe. ..................................................................................................15

E. Plaintiff Fails to State a Claim of Inequitable Conduct Arising From Alleged False Statements About Entitlement to the Priority Date of An Earlier-Filed Provisional Patent Application (Compl. [Dkt. No. 1] at ¶¶ 91-95). ............................................................................16

III.  <u>Plaintiff's Third Claim for Relief Should Be Dismissed Because It Fails to State a Plausible Claim.</u> ....................................................................18

IV.  <u>Plaintiff's Fourth and Fifth Claims for Relief Should Be Dismissed Because They are Preempted by Patent Law.</u> ................................................21

V.  <u>Plaintiff's Fourth and Fifth Claims for Relief Should Be Dismissed Because They Do Not State Plausible Claims Under State Law.</u> .................22

CONCLUSION ....................................................................................................25

DEFENDANTS' MOTION TO DISMISS COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*800 Adept, Inc. v. Murex Securities, Ltd.*,
   539 F.3d 1354 (Fed. Cir. 2008) ......................................................21

*A–Z Int'l v. Phillips*,
   323 F.3d 1141 (9th Cir. 2003) ..........................................................3

*AIDS Healthcare Foundation, Inc. v. Gilead Sciences, Inc.*,
   890 F.3d 986 (Fed. Cir. 2018) .......................................................7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................4, 15

*ATD Corp. v. Lydall, Inc.*,
   159 F.3d 534 (Fed. Cir. 1998) ........................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................4, 15

*Braunstein v. Gateway Management Services Ltd. (In re Coldwave
   Systems, LLC)*,
   368 B.R. 91 (Bankr. D.Mass. 2007) ................................................20

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163, 973 P.2d 527 (1999)..............................................24

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols.,
   P.C.*,
   482 F.3d 1347 (Fed. Cir. 2007) .........................................................6

*In re Cybernetic Services, Inc.*,
   252 F.3d 1039 (9th Cir. 2001) ........................................................20

*Delano Farms Co. v. Cal. Table Grape Comm'n*,
   655 F.3d 1337 (Fed. Cir. 2011) .........................................................6

*Dr. Beck & Co. v. Gen. Electric Co.*,
   210 F. Supp. 86 (S.D.N.Y. 1962), *aff'd*, 317 F.2d 538 (2d Cir.
   1963) ...................................................................................................8

DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) ..........................................................4, 5

*Exergen Corp. v. Wal–Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) ................................................*passim*

*Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*,
    No. 3:18-CV-02109-BEN-LL, 2021 WL 966533 (S.D. Cal. Mar.
    15, 2021) ................................................................23, 24, 25

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*,
    499 F.3d 1048 (9th Cir. 2007) ................................................14

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................23

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal.4th 1134, 63 P.3d 937, 131 Cal.Rptr.2d 29 (2003)................................22

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)....................................................................7

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996)................................17

*Matthews Int'l Corp. v. Biosafe Engineering, LLC*,
    695 F.3d 1322 (Fed.Cir. 2012) ................................................22

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)....................................................................7

*Nat'l Funding, Inc. v. Commercial Credit Counseling Servs., Inc.*,
    No. CV 18-6437-MWF (ASX), 2019 WL 1751828 (C.D. Cal. Feb.
    11, 2019) ................................................................4

*O'Connor v. Uber Techs., Inc.*,
    58 F. Supp. 3d 989 (N.D. Cal. 2014)................................................24

*Oregon Investors IX LP v. City of Merced*,
    64 Fed.Appx. 656 (9th Cir. 2003)................................................16

*Prasco, LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed. Cir. 2008) ................................................8

*Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*,
    237 F.3d 1359 (Fed. Cir. 2001) ................................................................18

*Rattlesnake Coal. v. U.S. Envtl. Prot. Agency*,
    509 F.3d 1095 (9th Cir. 2007) ..................................................................3

*Rawcar Group, LLC v. Grace Medical, Inc.*,
    CASE NO. 13-cv-1105 H (BLM), 2014 WL 12199978 (S.D. Cal.
    Aug. 29, 2014) .........................................................................................22

*Rohm & Haas Co. v. Crystal Chemical Co.*,
    722 F.2d 1556 (Fed. Cir. 1983) ..............................................................16

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ..................................................................3

*Shuffle Master, Inc. v. MP Games LLC*,
    3:04-cv-00407-ECR, 2006 WL 8442670 (D. Nev. July 17, 2006) ...................16

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) ....................................................................4

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001), *amended on other grounds*, 275 F.3d
    1187 (9th Cir. 2001)..............................................................................3, 4

*Springs Window Fashions LP v. Novo Industries, L.P.*,
    323 F.3d 989 (Fed. Cir. 2003) ................................................................21

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
    537 F.3d 1357 (Fed. Cir. 2008) ................................................................5

*Sundby v. Marquee Funding Group, Inc.*,
    Case No.: 19-CV-00390-GPC-MDD, 2019 WL 3945445 (S.D. Cal.
    Aug. 21, 2019) .........................................................................................14

*Sybersound Recs., Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008) ................................................................24

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) (*en banc*) ............................................5

*Vasic v. PatentHealth, L.L.C.*,
    171 F. Supp. 3d 1034 (S.D. Cal. 2016).................................................24

DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ................................................................ 3

*Yastrab v. Apple Inc.*,
    No. 5:14-CV-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23,
    2015) ...................................................................................................... 24

**Statutes**

11 U.S.C. § 546(a) ..................................................................................... 21

11 U.S.C. § 547 .......................................................................................... 20

11 U.S.C. § 548 .......................................................................................... 20

11 U.S.C. § 549 .......................................................................................... 20

11 U.S.C. § 550 .......................................................................................... 20

11 U.S.C. § 551 .......................................................................................... 20

11 U.S.C. § 704 .......................................................................................... 20

28 U.S.C. § 2201(a) ..................................................................................... 7

35 U.S.C. § 112 .......................................................................................... 17

America Invents Act, Pub. L. 112-29, § 3(n)(1) (Sept. 16, 2011) ............ 17

Cal. Bus. & Prof. Code § 17200 ......................................................... 21, 23

Cal. Comm. Code § 9102(42) .................................................................... 19

Uniform Commercial Code Article 9 ................................................... 20, 21

**Other Authorities**

37 C.F.R. 1.78(a)(4) ................................................................................... 17

37 CFR § 1.133(b) ..................................................................................... 13

Fed. R. Civ. P. 9(b) ............................................................................ *passim*

Fed. R. Civ. P. 12(b)(1) ................................................................... 1, 2, 3, 7

Fed. R. Civ. P. 12(b)(6) .................................................................. 1, 2, 3, 4

Fed. R. Evid. 201(a) ................................................................14

Fed. R. Evid. 201(b) ................................................................14

MPEP § 201.11 (8th Ed., Rev. 8, July 2010) ...........................18

MPEP § 609.02 (8th Ed., Rev. 8, July 2010) ....................10, 11

U.S. Const. Article III, Section 2 ..............................................7

DEFENDANTS' MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Blisslights, LLC ("Blisslights") hereby files this Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint filed by ShenZhen JingPinCheng Electronic Technology Co., Ltd. ("Plaintiff") pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Defendants Blisslights, Inc. and Bliss Holdings, LLC were liquidated in bankruptcy and are defunct. On June 14, 2016, involuntary bankruptcy petitions were filed against each entity.  On July 28, 2016, orders for relief under Chapter 7 were entered against both entities. *(In re Bliss Holdings, LLC*, Case No. 3:16-bk-03584 (Bankr. S.D. Cal. 2016) (Dkt. Nos. 1 and 12); *In re Blisslights, Inc*., Case No. 3:16-bk-03586 (Bankr. S.D. Cal. 2016) (Dkt. Nos. 1 and 14).) The Chapter 7 Trustee liquidated their assets, and the Bankruptcy Court closed their cases. (*In re Bliss Holdings* (Dkt. Nos. 184 and 185); *In re Blisslights*, (Dkt. No. 72).).

Contrary to Plaintiff's allegations and as evidenced by Exhibit H attached to Plaintiff's Complaint, on April 16, 2016, and prior to the filing of the involuntary bankruptcy petitions, Blisslights acquired all Bliss Holdings, LLC's assets through foreclosure including the '045 Patent and U.S. Patent No. 7,641,345 (the "345 Patent"). Bliss Holdings, LLC fully disclosed the foreclosure to its creditors and the Chapter 7 Trustee.  (Compl. [Dkt. No. 1], Ex. H.).  After an extensive review of the foreclosure, the Chapter 7 Trustee did not seek to avoid the foreclosure, and the bankruptcy case was closed.

Plaintiff seeks a declaratory judgment that the '045 Patent is invalid and that Plaintiff's "Galaxy Star Projector" does not infringe the '045 Patent. Regardless of their truth or falsity, Plaintiff's allegations are not sufficient to establish that an actual case or justiciable controversy exists. Thus, Plaintiff's claims for declaratory relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Further, even if Plaintiff's claims sufficiently establish an actual case or

controversy, Plaintiff's allegations of inequitable conduct by Blisslights and its predecessor in interest Bliss Holdings, LLC do not satisfy the pleading standards under Rule 9(b) and the Federal Circuit's decision in *Exergen*. Thus, Plaintiff's claims regarding inequitable conduct must be dismissed pursuant to Rule 9(b) and Rule 12(b)(6). Finally, Plaintiff's state law claims are preempted by federal patent law, and, even if not preempted, do not state a claim for relief. Thus, Plaintiff's state law claims must be dismissed pursuant to Rule 12(b)(6).

## LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

"[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, [courts] take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citation omitted).

A jurisdictional challenge under Rule 12(b)(1) may be facial or factual, depending on whether the defendant asserts that the complaint, on its face, is insufficient to invoke federal jurisdiction or whether the defendant disputes the truth of the allegations themselves:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. …

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, courts must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). However, courts are not required to "accept

as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*.

## B.   Federal Rule of Civil Procedure 12(b)(6)

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citation omitted). "To survive a motion to dismiss, a complaint [or counterclaim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). Although the federal pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, a court should identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Eclectic Props.*, 751 F.3d at 996 (internal quotation omitted); *see also Nat'l Funding, Inc. v. Commercial Credit Counseling Servs., Inc.*, No. CV 18-6437-MWF (ASx), 2019 WL 1751828, at *2 (C.D. Cal. Feb. 11, 2019) ("The Court must disregard allegations that are legal conclusions, even when disguised as facts."). "Then, a court should assume the veracity of well pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief." *Eclectic Props.*, 751 F.3d at 996 (internal quotations omitted). Ultimately, claimants "must include sufficient 'factual

DEFENDANTS' MOTION TO DISMISS COMPLAINT

1
2
enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 557).

3
**C.**   **Federal Rule of Civil Procedure 9(b)**

4
5
6
7
8
9
10
11
12
13
14
To establish inequitable conduct, the plaintiff must prove that (i) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information to the U.S. Patent and Trademark Office (the "<u>Office</u>"), and (ii) the individual did so with a specific intent to deceive the Office. *See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008). Absent evidence of affirmative egregious misconduct, a challenger must prove, by clear and convincing evidence, both that (i) "the patentee acted with the specific intent to deceive the [Office]," and (ii) any nondisclosed information was a "but for" cause of the [Office's] allowance of the claims. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290–92 (Fed. Cir. 2011) (*en banc*).

15
16
17
18
19
20
21
22
For the first requirement, the plaintiff must prove that the patentee (i) knew of the omitted information, (ii) knew that it was material, and (iii) made a deliberate decision to withhold it. *Id.* at 1290. This "but-for" materiality ***always*** applies to inequitable conduct allegations based on non-disclosure. *Therasense*, 649 F.3d at 1291, 1292–93. However, for some *affirmative* conduct, there is an exception to the but-for standard: "When the patentee has engaged in affirmative acts of ***<u>egregious misconduct</u>***, such as the filing of an ***<u>unmistakably false</u>*** affidavit, the misconduct is material." *Therasense*, 649 F.3d at 1292 (emphasis added).

23
24
Because inequitable conduct claims are, at their essence, claims of fraud upon the Office, inequitable conduct must be pled with particularity under Rule 9(b) with

25
26
27
28
> sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (i) knew of the withheld material information or of the falsity of the material misrepresentation, and (ii) withheld or misrepresented this information with a specific intent to deceive the [Office].

*Exergen,* 575 F.3d at 1328-29.[1] A reasonable inference is "one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Id.* at 1329 n.5; *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed.Cir. 2011). As a result, to properly plead inequitable conduct, Rule 9(b) requires particularized identification of the specific who, what, when, where, why, and how of the material misrepresentation or omission committed before the Office. *Exergen*, 575 F.3d at 1328.

## ARGUMENT

### I. Plaintiff's First and Second Claims for Declaratory Relief Should Be Dismissed for Lack of an Actual Case or Justiciable Controversy.

#### A. Plaintiff's Jurisdictional Allegations Are Mere Conclusions.

Plaintiff alleges it "is a China limited company with its principal place of business in Shenzhen City, Guangdong Province, China" and that it "specializes in the research, design, and distribution of lighting products and other consumer electronics including the Galaxy Star Projector (the 'Accused Products')." (Compl. [Dkt. No. 1] at ¶ 2.) Plaintiff also alleges that "Defendants have … taken steps, in this District, to assert the '045 Patent against Plaintiff," (*Id*. at ¶ 11.), and that "Defendants have alleged and continue to allege that Plaintiff infringes the '045 Patent." (*Id*. at ¶ 16.) Based entirely on these conclusory allegations, Plaintiff asserts that "[a]n immediate, real, and justiciable controversy exists between Plaintiff and Defendants as to whether Plaintiff is infringing or has infringed the '045 Patent and whether the '045 Patent is invalid." (*Id.* at ¶ 13.)

Plaintiff supports its conclusory jurisdictional allegations with the following citation: "See **Exhibit B**, a patent infringement complaint Defendants made with Amazon.com against Plaintiff." (*Id*. at ¶ 11.). Rather than a complaint against Plaintiff, Exhibit B is an undated communication from Amazon.com to an

---

[1] The law of the Federal Circuit is applied to determine whether inequitable conduct has been adequately pled. *See Cent. Admixture Pharm. Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).

DEFENDANTS' MOTION TO DISMISS COMPLAINT

unidentified seller providing notice that Amazon.com had received a "report" from Blisslights that two (2) products listed under ASIN Nos. B096XGNTBD and B080DNVLKMF infringe Blisslights' patent rights and encouraging the unidentified seller to "work directly with the rights owner to resolve the dispute." (*Id.* at Exh. B). Plaintiff's <u>Exhibit B</u> does not mention Plaintiff or otherwise identify the seller of the products.

**B.     The Declaratory Judgment Act Requires that an Actual Case or Justiciable Controversy Exist Between the Parties.**

Article III, Section 2 of the U.S. Constitution limits the jurisdiction of federal courts to "cases" and "controversies" between the parties. In each federal case, the plaintiff must establish an actual case or justiciable controversy exists for a federal court to have subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Declaratory Judgment Act ("<u>DJA</u>"), provides that "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

To show an "actual controversy" under the DJA, a dispute must exist between the parties that is "definite and concrete, touching the legal relations of parties having adverse legal interests; and that [is] real and substantial and admit[s] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and internal quotation marks omitted). The applicable standard is whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. If the plaintiff fails this standard, the case should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *Id*.

"The existence of a patent, without more, does not create a case of actual controversy." *AIDS Healthcare Foundation, Inc. v. Gilead Sciences, Inc.*, 890 F.3d

986, 991 (Fed. Cir. 2018). The plaintiff seeking a declaratory judgment for patent invalidity and non-infringement "bears the burden of demonstrating that a case or actual controversy existed at the time the declaratory action was filed. That requires a showing of injury-in-fact, connection between the challenged conduct and the injury, and redressability by the requested remedy." *Id*. (citation omitted).

After the *MedImmune* decision, the Federal Circuit applies a fact-based "all the circumstances test" to analyze whether a party seeking declaratory judgment of patent invalidity or non-infringement meets its burden of showing an actual controversy exists. *AIDS Healthcare*, 890 F.3d at 991-92 ("[I]f a declaratory judgment plaintiff has not taken significant, concrete steps to conduct infringing activity, the dispute is neither 'immediate' nor 'real' and the requirements for justiciability have not been met."). The Federal Circuit considers factors such as whether the declaratory-judgment plaintiff has a reasonable apprehension of suit, whether the defendant has engaged in threatening communications, and whether the defendant has refused to agree to a covenant not to sue. *See Prasco, LLC v. Medicis Pharm. Corp*., 537 F.3d 1329, 1334 (Fed. Cir. 2008).

## C. No Actual Case or Justiciable Controversy Exists Between the Parties.

Here, regardless of their truth or falsity, Plaintiff's allegations are not sufficient to establish an actual case or justiciable controversy. Plaintiff alleges its principal place of business is in China and that it specializes in the research, design, and distribution of lighting products and other consumer electronics, including the Galaxy Star Projector. However, Plaintiff does not allege it engages in, or is preparing to engage in, any of these activities in the United States. Plaintiff's activities outside the United States are of no consequence for creating jurisdiction here. *See, e.g., Dr. Beck & Co. v. Gen. Electric Co.*, 210 F. Supp. 86, 91-92 (S.D.N.Y. 1962) (actual controversy requirement of DJA not satisfied where plaintiff premised the existence of an actual controversy on events that occurred in France and Germany), *aff'd*, 317 F.2d 538 (2d Cir. 1963).

DEFENDANTS' MOTION TO DISMISS COMPLAINT

Plaintiff also alleges that "Defendants have … taken steps, in this District, to assert the '045 Patent against Plaintiff" and that "Defendants have alleged and continue to allege that Plaintiff infringes the '045 Patent." (Compl. [Dkt. No. 1] at ¶¶ 11 and 16.). The allegations are nothing more than conclusions and are not sufficient to establish that an actual controversy exists. Plaintiff's <u>Exhibit B</u> is an undated notice to an unidentified seller regarding a report received by Amazon.com from Blisslights with respect to products listed under ASIN Nos. B096XGNTBD and B080DNVLKMF. Plaintiff does not allege that it was the unidentified seller referred to in <u>Exhibit B</u> or that Plaintiff offers, or has offered, for sale on Amazon.com the products listed under the identified ASINs. Plaintiff does not even allege that the Galaxy Star Projector referred to in Paragraph 2 of the Complaint is the product listed for sale under the identified ASINs.

Plaintiff does not allege the existence of any of the Federal Circuit factors for analyzing whether a plaintiff seeking a declaratory judgment of patent invalidity or non-infringement has met its burden of showing that actual controversy exists. First, Plaintiff does not allege that it has made, used, distributed, sold or offered to sell, or that it has engaged in any meaningful preparation to make, use, distribute, sell or offer to sell, the products listed under ASIN Nos. B096XGNTBD and B080DNVLKMF in the United States. Second, Plaintiff does not allege that Plaintiff ever contacted Blisslights as directed by Amazon.com or engaged in any communications whatsoever with Blisslights, let alone that Blisslights engaged in any threatening communications. Finally, Plaintiff does not allege that Amazon.com took any adverse action against Plaintiff or that Plaintiff has suffered, or will suffer, any injury whatsoever as a result of the report referred to in <u>Exhibit B</u>.

Plaintiff's allegations do not establish an actual case or justiciable controversy exists between the parties. Therefore, Counts I and II should be dismissed.

## II.  **Plaintiff's Claims of Inequitable Conduct in Claim II Should Be Dismissed As They Fail to Meet the Standards Of Rule 9(b) and *Exergen*.**

Plaintiff's Second Claim for Relief seeks a declaratory judgment that the '045

Patent is unenforceable based on five distinct allegations of inequitable conduct. None of the allegations satisfy the pleading standards under Rule 9(b) and *Exergen*.

### A. Plaintiff Fails to State a Claim of Inequitable Conduct Arising From Any Alleged Failure to Disclose Prior Art During the Prosecution of the '045 Patent (Compl. [Dkt. No. 1] at ¶¶ 63-72).

Plaintiff alleges that during their prosecution of the '045 Patent, Bliss Holdings, LLC and its counsel knew of six prior art references—US. Patent Nos. 3,707,786; 5,649,827; 6,623,126; 2,230,039; 4,497,582; and 4,588,384 (referred to herein as the "Six Patent References")—materially relevant to the patentability of the claims in the '045 Patent but did not disclose them to the Office. (Compl. [Dkt. No. 1] at ¶¶ 63, 65.) Further, Plaintiff alleges that Bliss Holdings attorney Cobos disclosed these prior art references to the Office during the prosecution of the '345 Patent, the "parent" patent to the '045 Patent,[2] and that, on July 9, 2009, Bliss Holdings, LLC's counsel conducted a patent examiner interview about how these references rendered all claims in the '345 Patent obvious. (*Id.*, at ¶¶ 64, 66.) Finally, Plaintiff alleges that Bliss Holdings, LLC prosecuted foreign counterparts of the '045 and '345 Patents in China, European Union, Austria, and Japan and were made aware of "numerous," but unidentified, additional prior art references that are materially relevant to the patentability of the claims in the '045 Patent (the "Unidentified References"). (*Id.* at ¶ 67.)

Without even turning to the *Exergen* standard, Plaintiff is wrong as to the applicable law of disclosure with respect to the Six Patent References:

> When filing a continuing application ..., it will <u>not</u> be necessary for the applicant to submit an information disclosure statement in the continuing application that lists the prior art cited by the examiner in the parent application.... The examiner of the continuing application will consider information which has been considered by the Office in the parent application.

Manual of Patent Examining Procedure (MPEP) § 609.02 (8th Ed., Rev. 8, July 2010)

---

[2] Plaintiff is correct that the '345 Patent is the parent patent of the '045 Patent.

(emphasis in original). Plaintiff acknowledges that the Six Patent References were known to the Examiner during prosecution of the parent '345 Patent. (Dkt. No. 1 ¶ 65.) MPEP § 609.02 directs that such references are considered without filing an information disclosure statement in the child '045 Patent. "In view of § 609 it cannot be inequitable conduct for an applicant not to resubmit, in [a continuing] application, the information that was cited or submitted in the parent application." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998). Plaintiff's claim of inequitable conduct related to the Six Patent References should be dismissed.

With respect to the Unidentified References, Plaintiff fails all the *Exergen* requirements. For the "who" and "when" pleading requirements, Plaintiff must name the specific *individuals* who knew of the material information and deliberately withheld or misrepresented it, and indicate when the conduct took place. *Exergen*, 575 F.3d at 1328-29. For the Unidentified References, Plaintiff alleges only that "Defendants" were made aware of the prior art. However, the identity of the *individual* accused of inequitable conduct is essential to the determination of whether the patent can be found unenforceable. *See id.* at 1330 (holding an accusation as to the corporate party's knowledge of subject prior art "provides no factual basis to infer that any specific individual, who owed a duty of disclosure in prosecuting the [] patent, knew of the specific information in the [prior art] patents that is alleged to be material to the claims of the [] patent").

To meet the "what" and "where" pleading requirements, Plaintiff must identify "which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." *Exergen*, 575 F.3d at 1329. Plaintiff's allegations fail these requirements with regard to the Unidentified References. Nowhere does Plaintiff allege where in the Unidentified References any information alleged to be material to the patentability of the '045 Patent can be found. Indeed, Plaintiff does not even specifically identify what these items of prior art are or may be.

To meet the "why" and "how" pleading requirements, Plaintiff must identify "why" the withheld information was material and not cumulative and "how" an examiner would have used the information in assessing patentability of the '045 Patent's claims. *Exergen*, 575 F.3d at 1329-30. Again, Plaintiff does not identify "the particular claim limitations, or combination of claim limitations," that are supposedly affected by any allegedly undisclosed prior art or why the material is not cumulative. *Id.* at 1329. At best, Plaintiff offers the conclusion that "the '045 Patent would not have issued in the first place" had the Unidentified References been disclosed. (Compl. [Dkt. No. 1] at ¶ 72.) However, Plaintiff offers no basis upon which an examiner would find any of the allegedly undisclosed prior art disqualifying when evaluating the '045 Patent's claims.

As the Six Patent References were not required to be disclosed in the '045 Patent, and because Plaintiff failed to allege the who, when, what, where, why, and how required by *Exergen* for the Unidentified References, these pleading deficits are "fatal" under Rule 9(b) to Plaintiff's failure-to-disclose inequitable conduct claim, *Exergen*, 575 F.3d at 1330, and this inequitable conduct claim should be dismissed.

**B.    Plaintiff Fails to State a Claim of Inequitable Conduct As a Result of the Alleged Failure to Submit a Written Statement of an Interview With an Examiner During the Prosecution of the *'345* Patent (Compl. [Dkt. No. 1] at ¶¶ 73-75).**

The second inequitable conduct claim oddly alleges that the *'045 Patent* is unenforceable because Bliss Holdings, LLC failed to submit a written statement of an examiner interview conducted on July 9, 2009, in the prosecution of the *'345 Patent*. According to Plaintiff, "on July 9, 2009, Defendants and its counsel conducted an interview with the patent examiner regarding the '345 Patent about how [the Six Patent References] rendered all claims in the '345 Patent obvious." (Compl. [Dkt. No. 1] at ¶ 66.). Plaintiff alleges correctly that the prosecution of the '045 Patent did not begin until more than a month after this July 9, 2009 interview, occurring "from August 12, 2009 to October 26, 2011." (*Id.* at ¶ 63.) Plaintiff then pivots to allege that "on July 9, 2009, Defendants and [] Cobos conducted an

interview with the patent examiner about how these references materially prevented *the claims of the '045 Patent* from becoming patentable." (*Id.* at ¶ 74 (emphasis added).) Plaintiff attempts to square the circle by alleging:

> Defendants knew about their duty to submit a complete written statement after such an interview, but did not submit the required written statement to the Patent Office, breaching its duty to disclose to the Patent Office and the public about the patentability of the claims in the '345 Patent, which in turn affected the patentability of the claims in the '045 Patent.

(*Id.* at ¶ 75.)

Plaintiff is correct that 37 CFR § 1.133(b) obligated the applicant to file *in the '345 application*: "… a complete written statement of the reasons presented at the interview as warranting favorable action … ." However, 37 CFR § 1.133(b) creates no obligation on an applicant to file such an interview summary in a "child" application filed with the USPTO after the subject interview.

Regardless, this allegation is merely derivative of Plaintiff's first claim of inequitable conduct discussed above.[3] The allegation that "Defendants knew about their duty to submit a complete written statement after such an interview, but did not submit the required written statement to the Patent Office" (Compl. [Dkt. No. 1] at ¶ 75.) fails to meet the Rule 9(b) pleading requirement that the *individual* accused of inequitable conduct must be pleaded with specificity. *Exergen*, 575 F.3d at 1330. Plaintiff likewise fails to meet the "what" and "where" requirements, because it makes no attempt to identify to which claims of the '045 Patent, and to which limitations in those claims, the information in the withheld interview summary is relevant. *Id*. at 1329. Finally, Plaintiff fails to allege facts to establish "why" the withheld interview summary was material to patentability of the claims of the '045 Patent or "how" an examiner would have used the information from the interview

---

[3] "Indeed, on July 9, 2009, Defendants and its counsel conducted an interview with the patent examiner regarding the '345 Patent about how [the Six Patent References] rendered all claims in the '345 Patent obvious." (Compl. [Dkt. No. 1] at ¶ 66.)

DEFENDANTS' MOTION TO DISMISS COMPLAINT

summary in assessing patentability of the claims in the '045 Patent, nor does Plaintiff specify in its complaint "the particular claim limitations, or combination of claim limitations," that are supposedly absent from the information. *Id.* at 1329-30.

Plaintiff only offers the conclusion that the failure to submit the written interview summary in the application for the '345 Patent "in turn affected the patentability of the claims in the '045 Patent." (Compl. [Dkt No. 1] at ¶ 75.) This claim utterly lacks any connection to a breach of a duty of disclosure and candor by anyone associated with the prosecution of the '045 Patent and does not explain how the failure to file such a statement was "but-for" material to the patentability of the claims of the '045 Patent. These pleading deficits are "fatal" under Rule 9(b) to Plaintiff's inequitable conduct claim arising from an alleged failure to file a written interview summary, and, therefore, the claim should be dismissed.

## C. Plaintiff Fails to State a Claim of Inequitable Conduct Arising From Declarations Stating That a Failure to Pay Maintenance Fees for the '345 Patent Were Unintentional (Compl. [Dkt. No. 1] at ¶¶ 76-79).

Plaintiff again focuses on actions regarding the '345 Patent—declarations filed with the payment of late-paid maintenance fees—to claim the '045 Patent is unenforceable. Plaintiff is correct that Defendants twice failed to timely pay maintenance fees for the issued '345 Patent and then paid those fees accompanied by USPTO-form declarations stating that the failure to pay the fees was unintentional.[4] Yet according to Plaintiff, "but for Defendants' repeated failures to

---

[4] Defendant's Exhibits A through E are, respectively, the '045 Patent, '345 Patent, the petitions for acceptance of unintentional late payment of the maintenance fees for '345 Patent, and the '747 Provisional Application. These exhibits come directly from the Office's Image File Wrappers (prosecution histories) of the '345 Patent and '045 Patent. Since this information is "not subject to reasonable dispute because it...can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned," and because Plaintiff repeatedly refers to them in its Complaint, the Court may take judicial notice of the information in these exhibits, Fed. R. Evid. 201(a)-(b), without converting this motion to dismiss to one for summary judgment. See *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *Sundby v. Marquee Funding Grp., Inc.*, Case No.: 19-CV-

DEFENDANTS' MOTION TO DISMISS COMPLAINT

properly maintain the '345 Patent, the '045 Patent (the child case of the '345 Patent) **would not have issued**[.]" (Compl. [Dkt. No. 1] at ¶ 79.) (Emphasis added).

The '045 Patent issued on November 15, 2011. (Def. Exh. A) Defendants paid the maintenance fees for the '345 Patent on February 6, 2014 and February 26, 2018, respectively. (Def. Exhs. C and D). Thus, as a matter of fact, the payment of these two maintenance fees for the '345 Patent in 2014 and 2018—years **_after_** the issuance of the '045 Patent in November 2011—eviscerates Plaintiff's claim that "but for" Defendants' failures to pay these fees to maintain the '345 Patent, the '045 Patent "**would not have issued**[.]" (Compl. [Dkt. No. 1] at ¶ 79) (emphasis added).) Absent this factual underpinning, this allegation fails to state a claim for inequitable conduct.

In addition to this obvious facial factual error, Plaintiff has not pleaded any facts that would allow the Court to infer that Defendants engaged in any "egregious misconduct, such as the filing of an _unmistakably false_ affidavit." Plaintiff offers a bare conclusion of falsity—that Defendants' failures to pay patent maintenance fees were intentional rather than unintentional—without alleging any facts that would allow the Court to reasonably make that inference. Such threadbare pleading fails to meet both the Rule 9(b) standard for alleging inequitable conduct as well as the more general pleading requirements that a complaint must allege "enough facts to state a claim to relief that is plausible on its face[,]" _Twombly_, 550 U.S. at 570, and that "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." _Iqbal,_ 556 U.S. at 678.

**D.    Plaintiff' Claim Arising From Alleged False Statements Made In Reissue Applications (Compl. [Dkt. No. 1] at ¶¶ 80-90) Is Not Ripe.**

Plaintiff alleges that inequitable conduct occurred because "Defendants again made false declarations to the Office when prosecuting two reissue patent applications of the '045 Patent," one of which is an abandoned application (the '462 Reissue Application) and one of which is a pending application (the '435 Reissue

---

00390-GPC-MDD, 2019 WL 3945445, at *5 (S.D. Cal. Aug. 21, 2019).

Application). (Compl. [Dkt. No. 1] at ¶¶ 80, 82, 85.) Plaintiff only makes the '045 Patent—and Defendants' alleged efforts to enforce it—the subject of this action. Plaintiff does not allege in this action that any reissued patent is being or has been asserted against Plaintiff—nor could it, since no reissue of the '045 Patent exists.

To the extent these allegations could ever rise to state an inequitable conduct claim, they are not ripe yet for adjudication **in this action**. This very issue was considered by the court in *Shuffle Master, Inc. v. MP Games LLC*, 3:04-cv-00407-ECR (RAM), 2006 WL 8442670 (D. Nev. July 17, 2006):

> The conduct that Defendants allege is inequitable is taking place in the context of an ongoing reissue proceeding before the PTO. To the extent that the allegedly inequitable conduct would invalidate any patent, it would invalidate the reissue patent, not the currently issued '871 patent. As the Federal Circuit has made clear, the inequitable conduct defense exists so that a person who obtains a patent by intentionally misleading the PTO cannot enforce the patent. … Here, the patent asserted by Shuffle Master was not obtained by the conduct in question. Because the '871 issued independently of this conduct, the conduct cannot invalidate the 871. [] If, at a later date, the court is presented with claims by Shuffle Master arising from a reissued version of the '871, the court might have a basis for considering Defendants' claim of inequitable conduct. Until then, the claim is not ripe, and we have no jurisdiction over the reissue proceeding.

*Shuffle Master*, 2006 WL 8442670, at *1 (internal quotations and citations omitted).[5] As this claim is not yet ripe, it should be dismissed. *Oregon Investors IX LP v. City of Merced*, 64 Fed. App'x 656 (9th Cir. 2003).

> **E.**     **Plaintiff Fails to State a Claim of Inequitable Conduct Arising From Alleged False Statements About Entitlement to the Priority Date of An Earlier-Filed Provisional Patent Application (Compl. [Dkt. No. 1] at ¶¶ 91-95).**

Finally, Plaintiff alleges inequitable conduct in prosecution of the '045 Patent[6]

---

[5] The un-ripeness of this claim is buttressed by the fact that, even if the alleged conduct here was inequitable (which Blisslights disputes), Blisslights has the ability to cure the conduct before any reissue patent issues. *Rohm & Haas Co. v. Crystal Chemical Co.*, 722 F.2d 1556, 1571–72 (Fed. Cir. 1983).

[6] Paragraph 91 of the complaint references the '045 Patent's two reissue applications.

through the filing of declarations claiming that the application was entitled to the June 21, 2006 priority date of an earlier-filed provisional patent application. (Compl. [Dkt. No. 1] at ¶¶ 91, 95.) Under pre-AIA rules,[7] 37 C.F.R. § 1.78(a)(4) regulates a claim of benefit of an earlier filing date of a provisional application:

> In order for an application to claim the benefit of one or more prior-filed provisional applications, each prior-filed provisional application must name as an inventor at least one inventor named in the later-filed application and disclose the named inventor's invention claimed in at least one claim of the later-filed application in the manner provided by the first paragraph of 35 U.S.C. 112.

Here, the right of priority requires the provisional application to contain a § 112 enabling disclosure for at least one claim of the later-filed application.

Plaintiff's claim is that all the independent claims of the '045 Patent include a "diffractive optical source" element, which is not disclosed in the provisional application. (Compl. [Dkt. No. 1] at ¶ 92.) This is not "unmistakably false," and Plaintiff recites no facts tending to show it related to a material omitted disclosure or would demonstrate bad faith intent to deceive.

First, the meaning of the claim term "diffractive optical source" is a legal determination, not factual. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996). Furthermore, the claim language was before the examiner, who must "notify the applicant that the claims in the later-filed application are not entitled to the benefit of an earlier filing date" if one of the conditions for entitlement has not been satisfied. *See* MPEP § 201.11 (8th Ed., Rev. 8, July 2010). No such notice was provided, and the claim of priority is not inherently unreasonable. Therefore, no "unmistakably false" allegation was made. And even if

---

To the extent this claim can be interpreted to reach conduct occurring in either reissue application, this claim is not yet ripe, and should be dismissed. *See* Section II.E, *supra*.

[7] Because the application for the '045 Patent was filed in 2009, the pre-AIA version of the Patent Act and its regulations apply to this claim. America Invents Act, Pub. L. 112-29, § 3(n)(1) (Sept. 16, 2011).

DEFENDANTS' MOTION TO DISMISS COMPLAINT

the terms "diffractive optical source," present in the claims of the '045 Patent, and "diffractive optical element," disclosed in the '747 Provisional Application (Def. Exh. E), are ultimately determined by the Court to have different meanings, the Federal Circuit in a pre-*Therasense* case "decline[d] to find inequitable conduct in the mere act of claiming priority to an earlier patent where the specifications, but not the claims, of the later patents are supported by the earlier patent." *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1367 (Fed. Cir. 2001).

Further, Plaintiff alleges no facts hinting at an inference of intentional bad faith concerning the priority claim or suggesting a "reasonable inference" that "flows logically from the facts alleged." *Exergen*, 575 F.3d at 1329 n.5. Rather, Plaintiff ignores the "objective indications of candor and good faith," *id.*, namely that the priority claim follows the same claim of priority made by the applicant in the parent '345 Patent. (Def. Exh. B) Following the same established priority claim in a patent family based on a substantially identical specification does not constitute evidence of bad faith. *See Purdue Pharma*, 237 F.3d at 1367 ("Because the specifications of the asserted patents and the ′331 parent are largely identical, it was logical for Purdue to claim priority to the ′331 parent, even if the claims of the asserted patents are not entitled to the earlier priority date of the ′331 patent."). That is, not only has Plaintiff failed to allege facts that allow a reasonable inference of bad faith, the facts as they are demonstrate a good faith "logical" claim of priority. The failure to allege facts plausibly showing bad faith dooms this claim of inequitable conduct.

As the claim to priority is not unmistakably false, Plaintiff fails to demonstrate materiality, and Plaintiff fails to allege any indication of bad faith, these allegations fail to state a claim for inequitable conduct and should be dismissed.

## III.   **Plaintiff's Third Claim for Relief Should Be Dismissed Because It Fails to State a Plausible Claim.**

Plaintiff alleges that, on or about December 15, 2016, Mr. Alan Lee filed a declaration in Bliss Holdings, LLC's bankruptcy case representing that it did not own any intellectual property assets (including patent applications and patents).

DEFENDANTS' MOTION TO DISMISS COMPLAINT

(Compl. [Dkt. No. 1] at ¶ 104.) A copy of Mr. Lee's declaration is attached to Plaintiff's Complaint as <u>Exhibit H</u>. (*Id.*) Plaintiff then alleges that Mr. Lee's declaration was false, that Bliss Holdings, LLC still owned both the '345 Patent and the '045 Patent, and that Bliss Holdings, LLC hid its ownership of the '345 Patent and the '045 Patent from its creditors. (*Id.* at ¶ 104-107.)

Plaintiff has no standing to assert claims of Bliss Holdings, LLC's creditors. Even if Plaintiff had standing, Plaintiff's allegations are demonstrably false. Plaintiff's <u>Exhibit H</u> includes two documents required to be filed by Bliss Holdings, LLC in its bankruptcy cases—the Schedules of Assets and Liabilities (the "<u>Schedules</u>") and the Statement of Financial Affairs (the "<u>SOFA</u>"). As Plaintiff alleges, Schedule B, Part 10, ¶ 59, and Schedule B, Part 12, ¶ 89, affirmatively state that Bliss Holdings, LLC and Blisslights, Inc. did not own any intangibles or intellectual property. (Compl. [Dkt. No. 1] Ex. H.) The explanation why Bliss Holdings, LLC no longer owned any intangibles or intellectual property is set forth in the SOFA. Contrary to Plaintiff's allegations, the SOFA, ¶ 5, discloses that, prior to the filing of Bliss Holdings, LLC's bankruptcy case, Blisslights acquired substantially all Bliss Holdings, LLC's assets, including the '345 Patent and the '045 Patent, through foreclosure. (*Id.*).

The SOFA attached to Mr. Lee's declaration expressly states that, on April 16, 2016, Blisslights acquired the following assets of Bliss Holdings, LLC through foreclosure:

> All assets, including, but not limited to, Accounts, Chattel Paper, Commercial Tort, Claims, Deposit accounts, Documents, Equipment, General Intangibles, Goods, Inventory, Investment Property, Instruments, Letter of Credit Rights and all Supporting Obligations, including all of Debtor's books and records evidencing and/or related to all Accounts ….

(Dkt. No. 1 Ex. H, SOFA ¶ 5.) Although patents are not specifically mentioned, "General Intangibles" are. Under the Uniform Commercial Code, the term "General Intangibles" includes patents. *See, e.g.*, Cal. Com. Code § 9102(42) and Official

Comment 5(d); *In re Cybernetic Services, Inc.*, 252 F.3d 1039, 1059 (9th Cir. 2001) (applying California law, collateral description of "general intangibles" covered patent); *Braunstein v. Gateway Management Services Ltd. (In re Coldwave Systems, LLC)*, 368 B.R. 91, 94 (Bankr. D.Mass. 2007) (applying California law, a patent falls within the UCC definition of a "general intangible").

Under the Bankruptcy Code, the Chapter 7 Trustee was required to investigate the foreclosure, 11 U.S.C. § 704, and, if appropriate, move to avoid the foreclosure pursuant to the Chapter 7 Trustee's avoidance powers, 11 U.S.C. §§ 547-551. Only the Chapter 7 Trustee had standing to seek to avoid the foreclosure. *Id*. The Chapter 7 Trustee engaged counsel to investigate the foreclosure. The Chapter 7 Trustee also applied for and obtained an order from the Bankruptcy Court to depose Mr. Lee regarding the foreclosure. (*In re Bliss Holdings, LLC*, Case No. 3:16-bk-03584 (Bankr. S.D. Cal. 2016) (Dkt. Nos. 78, 92 and 93.)[8]

The Chapter 7 Trustee's application to depose Mr. Lee acknowledged that Blisslights had acquired all the personal property of Bliss Holdings, LLC and Blisslights, Inc. "through a public foreclosure sale pursuant to Article 9 of the Uniform Commercial Code ("Foreclosure") and a determination "whether the Foreclosure was a possible avoidable fraudulent transfer of the Debtors' property is necessary and warranted." *Id*. (Dkt. No. 92, p. 3.) The Chapter 7 Trustee conducted his investigation, let the two-year statute of limitations applicable to actions to avoid the foreclosure run, *see* 11 U.S.C. § 546(a), and closed the cases without taking any action to avoid the foreclosure.

Because Plaintiff's allegations are flatly contracted by Plaintiff's own Exhibit and the record in Bliss Holdings, LLC's bankruptcy case, Plaintiff's Third Claim for Relief should be dismissed.

---

[8] Copies of the application and order are attached hereto as Defendant's collective Exhibit F, and Blisslights asks the Court to take judicial notice thereof.

**IV.** **Plaintiff's Fourth and Fifth Claims for Relief Should Be Dismissed Because They are Preempted by Patent Law.**

Plaintiff alleges in its Fourth Claim for Relief that Defendants, by asserting false claims of infringement of the '045 Patent against Plaintiff with Amazon.com, interfered with Plaintiff's expectancy of an economic benefit from the sale of products listed for sale on Amazon. (Compl. [Dkt. No. 1] at ¶¶ 117-22.) In its Fifth Claim for Relief, Plaintiff alleges a violation of California's "Business and Professions Code section 17200 *et seq.*" arising from Defendants' "course of conduct" in their "dealings with Plaintiff." (*Id.* at ¶ 124.). Plaintiff's conclusory allegations that Blisslights asserted claims of infringement against Plaintiff are unsupported. For the reasons stated above in Section I.A, Plaintiff pleads no facts indicating that it was the target of any report to Amazon.com made by Blisslights.

Regardless, such state law claims for relief arising out of such assertions are preempted by federal patent law:

> State tort claims against a patent holder, including tortious interference claims, based on enforcing a patent in the marketplace, are "preempted" by federal patent laws, unless the claimant can show that the patent holder acted in "bad faith" in the publication or enforcement of its patent. As the Supreme Court said long ago, "Patents would be of little value if infringers of them could not be notified of the consequences of infringement, or proceeded against in the courts. Such action, considered by itself, cannot be said to be illegal."

*800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008) (citations omitted). This "bad faith" standard has objective and subjective components:

> The objective component requires a showing that the infringement allegations are "objectively baseless." The subjective component relates to a showing that the patentee in enforcing the patent demonstrated subjective bad faith. ... Infringement allegations are objectively baseless if no reasonable litigant could realistically expect success on the merits.

*Id.* at 1370. Blisslights is entitled to a presumption it has acted in good faith when asserting rights in the '045 Patent. *See Springs Window Fashions LP v. Novo Industries, L.P.*, 323 F.3d 989, 999 (Fed. Cir. 2003) ("The law recognizes a

presumption that the assertion of a duly granted patent is made in good faith … .").

To avoid preemption, bad faith must be alleged, even if bad faith is not an element of the state law claim. *Rawcar Group, LLC v. Grace Medical, Inc.*, CASE NO. 13-cv-1105 H (BLM), 2014 WL 12199978, at *9 (S.D. Cal. Aug. 29, 2014) (quoting *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004)). Plaintiff makes no allegation that Blisslights acted in bad faith in asserting the '045 Patent against Plaintiff. Plaintiff has not asserted any facts that would allow the Court to reasonably make the inference that no reasonable litigant could realistically expect success on the merits of Blisslights' infringement allegations. *See Matthews Int'l. Corp. v. Biosafe Engineering, LLC*, 695 F.3d 1322, 1332 (Fed.Cir. 2012) ("Because Matthews points to nothing to indicate that Biosafe's alleged infringement allegations were so unreasonable as to be objectively baseless, the trial court correctly concluded that Matthews failed to sufficiently plead the bad faith element necessary to support its state-law [claim of tortious interference with contractual relations]".). Likewise, Plaintiff has not asserted any facts that would allow the Court to reasonably make the inference that Blisslights demonstrated subjective bad faith in seeking to enforce its duly issued patent which has not been determined to be invalid. In the absence of those required allegations, Plaintiff's state law claims are preempted by federal patent law and are due to be dismissed.

## V.   Plaintiff's Fourth and Fifth Claims for Relief Should Be Dismissed Because They Do Not State Plausible Claims Under State Law.

Even if Plaintiff's Fourth Claim and Fifth Claim for Relief were not preempted by federal law, they do not  state plausible claims for relief in their own right. Plaintiff's conclusory allegations are not sufficient to establish tortious interference with prospective economic relationship. Among other things, tortious interference requires that Plaintiff plead and prove that Blisslights' committed an independent, wrongful act and that such wrongful act caused economic harm to Plaintiff. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 63 P.3d 937, 131 Cal.Rptr.2d 29 (2003). "[A]n act is independently wrongful if it is unlawful, that

is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id*. 29 Cal.4th at 1159, 131 Cal.Rptr.2d at 49, 63 P.3d at 954.  Plaintiff's Complaint is devoid of any well-plead facts that Blisslights committed a wrongful act or that such wrongful act caused economic harm.  Thus, Plaintiff's Fourth Claim for Relief should be dismissed.

Plaintiff's Fifth Claim for Relief fails to allege both a fraudulent, unlawful, or unfair act and a basis for restitution as required under California's Unfair Competition Law ("UCL"). Either failure requires dismissal of the claim.  The UCL prohibits unfair, unlawful, and fraudulent business practices. Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Half of Plaintiff's allegations are irrelevant and cannot state a claim under the UCL because they concern Blisslights' alleged actions before the Office (Compl. [Dkt. No. 1] ¶ 125 f & g.). Those actions are not business practices and have no direct effect on Plaintiff's relationship with Amazon or customers on Amazon.[9]

The remaining conclusory allegations about Blisslights' interaction with Amazon—that Blisslights did not tell Amazon that the '045 Patent was invalid and proceeded despite knowledge that the patent was invalid and not infringed, (Compl. [Dkt. No. 1] ¶ 125)—lack any facts that would render them plausible. Plaintiff admits that the '045 patent has multiple extant claims, and, as shown above, Blisslights had (and has) a good faith basis to allege infringement. Even crediting Plaintiff's conclusory allegations, the allegations do not state a claim under the UCL.

The UCL does not target general-sense unfairness; it "applies when the practice or conduct at issue allegedly violates the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 3:18-CV-02109-BEN-LL, 2021 WL 966533, at *58 (S.D.

---

[9] Nor do these allegations adequately plead inequitable conduct. Section II, *infra*.

Cal. Mar. 15, 2021) (internal quotation marks omitted); *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187, 973 P.2d 527, 544 (1999) (same). Plaintiff's allegations do not allege a price fixing scheme or exclusive dealing that might violate the policy/spirit of antitrust laws that would be unfair under the UCL.

To be unlawful, an act must be a business practice that "at the same time is forbidden by law." *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008). "The UCL's unlawful prong is essentially an incorporate-by-reference provision" that borrows violation of other laws and makes them independently actionable. *Vasic v. PatentHealth, L.L.C.*, 171 F. Supp. 3d 1034, 1042 (S.D. Cal. 2016). Plaintiff's allegations do not plausibly plead or identify a violation of any federal, state, or local law. *See Id.*

"[F]raudulent acts are ones where members of the public are likely to be deceived." *Sybersound*, 517 F.3d at 1152. "Reduced to elements, plaintiffs must allege with specificity that defendant's alleged misrepresentations: (1) were relied upon by the named plaintiffs; (2) were material; (3) influenced the named plaintiffs' decision to purchase the product; and (4) were likely to deceive members of the public." *Yastrab v. Apple Inc.*, No. 5:14-CV-01974-EJD, 2015 WL 1307163, at *6 (N.D. Cal. Mar. 23, 2015) (internal quotation marks omitted). Statements relied upon by third parties are not sufficient. *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1002 (N.D. Cal. 2014) ("[C]ourts have recognized that UCL fraud plaintiffs must allege their *own* reliance—not the reliance of third parties—to have standing under the UCL."). Plaintiff's allegations fail here because, among other reasons, Plaintiff does not, and cannot, allege that Blisslights' alleged statements or omissions were directed at Plaintiff or that Plaintiff relied upon them.

Beyond those fatal flaws, Plaintiff also fails to allege a proper basis for recovery. "[P]laintiffs alleging claims for UCL may only recover injunctive relief or restitution, not damages." *Golden Eye Media*, 2021 WL 966533, at *59. "Restitution is the return of money obtained through an unfair business practice to those persons

in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Id.* (internal quotation marks omitted). Although Plaintiff states that it seeks restitution (Compl. [Dkt. No. 1] ¶ 128.), it has not pled that Blisslights took any money in which Plaintiff has an identifiable interest. To the extent it contends it lost sales, that is damages, not restitution. *Golden Eye Media*, 2021 WL 966533, at *59. For this independent reason, Plaintiff fails to state a claim under the UCL.

Because Plaintiff has failed to allege that Blisslights engaged in any unfair, unlawful or fraudulent act or entitlement to restitution, Plaintiff's Fifth Claim for Relief should be dismissed.

## <u>CONCLUSION</u>

For the reasons explained above, Blisslights respectfully requests that the Court dismiss the Complaint and grant such further relief as it deems just and proper.

Dated: August 25, 2021

Respectfully submitted,

BY:  */s/ Kimberly M. Ingram*

Kimberly M. Ingram (#305497)
*Attorney for Blisslights, LLC*

DEFENDANTS' MOTION TO DISMISS COMPLAINT