Kimberly M. Ingram (SBN 305497)
BRADLEY ARANT BOULT
CUMMINGS LLP
1600 Division St, Suite 700
Nashville, TN 37203
Phone Number: (615) 252-3592
Fax Number: (615) 252-6357
kingram@bradley.com

*Attorneys for Defendant Blisslights, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ShenZhen JingPinCheng Electronic Technology Co., Ltd., <br><br>  Plaintiff, <br><br> v. <br><br> Blisslights, LLC, Blisslights, Inc., Bliss Holdings, LLC, and Does 1–10, <br><br>  Defendants. | Case No. 21CV1393 GPC RBB <br><br> **DEFENDANT BLISSLIGHTS, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO JEFFREY D. DYESS'S REQUEST FOR APPEAR *PRO HAC VICE*** |

There is no merit in Plaintiff's opposition to the application of Jeffrey D. Dyess to appear *pro hac vice*. The premise of that opposition is that Mr. Dyess's application violates Local Rules, but it clearly does not. Local Rule 83.3(c)(4) states the requirements for a *pro hac vice* application, and Mr. Dyess's application meets all of these requirements.

**1.  Mr. Dyess Is a Qualified *Pro Hac Vice* Applicant.**

Mr. Dyess is qualified as a *pro hac vice* applicant under local rules. Mr. Dyess

is not admitted in California and, therefore, not eligible for admission to the bar of this court under Local Rule 83.3(c)(1). However, he has been admitted to practice before the Alabama Supreme Court since 1995; he is also admitted to practice before the U.S. Court of Appeals for the Eleventh and Federal Circuits, the U.S. Patent & Trademark Office, and the U.S. District Courts for the Northern, Middle, and Southern Districts of Alabama. He is in good standing in all of these bars and is of good moral character. He has been retained to appear in this action based on his specialization in intellectual property law and based on the ongoing relationship of the law firm in which he is a partner, Bradley Arant Boult Cummings LLP ("Bradley"), with Defendant Blisslights, LLC.

Plaintiff presents no evidence to challenge any of these relevant inquiries. Instead, Plaintiff argues that Mr. Dyess's application violates Local Rule 83.3(c)(4) "for having regularly conducted engaged in business, professional, or other activities in California" without pointing to any evidence that **Mr. Dyess** regularly engages in activity in California. D.E. 8 at 2. He does not. In his twenty-six years of practice, he has rarely appeared in California. Indeed, the last time Mr. Dyess appeared in *any* court in California was eight years ago in the case *Wolf Run Hollow LLC v. Online Resources Corp.*, No. 2:12-cv-00977-GW-AGR (C.D. Cal.).

Instead of addressing Mr. Dyess's activity in California, Plaintiff points to the activity of the Bradley law firm. No doubt, Bradley has served as counsel of record in numerous cases in California; the firm has more than 500 attorneys, including a few who, like the undersigned, are licensed in California. However, the question is not what the firm has done in California, but rather whether "*the attorney* . . . is regularly engaged in business, professional, or other activities in California." L.R. 83.3(c)(4) (emphasis added). Mr. Dyess satisfies this standard.

**2.    Ms. Ingram Is a Qualified Member of the Bar of This Court.**

Local Rule 83.3(c)(4) requires Mr. Dyess to "designate in the application a member of the bar of this court with whom the Court and opposing counsel may

readily communicate regarding the conduct of the case and upon whom papers will be served." L.R. 83.3(c)(4). Mr. Dyess designated Ms. Ingram. Ms. Ingram is a member of the bar of this Court and satisfies this standard.

Plaintiff argues that Ms. Ingram cannot serve as Mr. Dyess's "local" counsel under Local Rule 83.3(c)(5) because she does not maintain an office in this district. Plaintiff's argument fails to acknowledge that the requirement for the designee to maintain an office in this district in Local Rule 83.3(c)(5) applies only if the judge to whom the case is assigned chooses to apply it; otherwise, the standard in Rule 83.3(c)(4) applies. This Court has not determined that Local Rule 83.3(c)(5) should apply to this matter, and thus, Mr. Dyess cannot have violated it by filing the application that designated Ms. Ingram.

Of course, Mr. Dyess recognizes that the Court has discretion to require him to obtain counsel with an office in this District. Mr. Dyess respectfully submits that obtaining such counsel would be an unnecessary expense for his client without providing any meaningful benefit. The purpose of requiring local counsel is to ensure that the Local Rules and practices are followed. Ms. Ingram is perfectly capable of achieving that purpose. Ms. Ingram has been licensed to practice in California for nearly six (6) years, having begun her practice in 2015 at Simpson Thacher & Bartlett LLP in Palo Alto, California. In her five years as an associate at Bradley, Ms. Ingram has handled a variety of matters in California, including serving as counsel of record for matters in each United States District Court in California, including this one.[1] As such, she is familiar with the Local Rules of this Court. Moreover, there is not any particular reason that counsel would need to be physically located in the district to effectively participate in this matter; Ms. Ingram is willing

---

[1] Cases in this Court in which Ms. Ingram has served as counsel of record include *Normerica Int'l Corp. v. LitterPurrfect, L.P.*, No. 3:18-CV-00538; *Satter v. The Lincoln National Life Insurance Company et al.*, No. 3:19-CV-00480; and *Cummins v. The Lincoln National Life Insurance Company*, No. 3:18-CV-00052. She has also served as counsel of record in at least seventeen cases in the Central and Northern Districts of California.

to travel to California as the Court determines is needed in this matter and already has third-party vendor relationships for any necessary physical deliveries to the Court.[2]

***

For the foregoing reasons, Defendant Blisslights, LLC respectfully requests that the Court grant Mr. Dyess's *pro hac vice* application.

Dated: September 7, 2021

                                               Respectfully submitted,

                                        BY:  */s/ Kimberly M. Ingram*
                                                   Kimberly M. Ingram (#305497)

                                                   *Attorney for Defendant Blisslights, LLC*

---

[2] According to Plaintiff's filings, Plaintiff's counsel itself is not located in this district, so Plaintiff's counsel will also be traveling for any in-person appearances and physical presence in the district will not facilitate in-person meet and confer between counsel.