1  Zheng "Andy" Liu (SBN 279327)
2  1660 S Amphlett Blvd Suite 315
   San Mateo, CA 94402
3  Telephone: 650.475.6289
   Facsimile: 510.987.8411
4  Email: Andy.liu@aptumlaw.us
5  *Attorneys for Plaintiff*
   *ShenZhen JingPinCheng*
6  *Electronic Technology Co., Ltd.*

7

8              UNITED STATES DISTRICT COURT

9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11
                                        Case No: 3:21-cv-01393-GPC-RBB
12  ShenZhen JingPinCheng Electronic
    Technology Co., Ltd.,               **FIRST AMENDED COMPLAINT**
13                                       **FOR DAMAGES AND**
                                         **DECLARATORY JUDGMENT OF**
14          Plaintiff,                   **NONINFRINGEMENT AND**
                                         **INVALIDITY**
15              v.

16
    Blisslights, LLC, Blisslights, Inc., Bliss
17  Holdings, LLC, and Does 1-10,

18          Defendants.

19

20

21

22

23

24

25

26

27

28

---

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

Plaintiff Shenzhen Jingpincheng Electronic Technology Co., Ltd. ("Plaintiff" or "Shenzhen Jingpincheng") files this Complaint for Damages and Declaratory Judgment ("Complaint") against Defendant Blisslights, LLC, Blisslights, Inc., Bliss Holdings, LLC, and Does 1-10 (collectively "Defendants"). Plaintiff seeks damages, as well as declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring United States Patent No. 8,057,045 (the "'045 Patent") to be not infringed and to be invalid.

## I.        NATURE OF THE ACTION

1.       Plaintiff brings this action to address Defendants' attempted market monopoly using the '045 Patent, which Defendants knew was invalid and did not cover Plaintiff's accused products. Plaintiff seeks (A) damages against Defendants for misusing the '045 Patent and (B) declaratory judgments that the '045 Patent is invalid and that Plaintiff does not infringe the '045 Patent.

## II.        THE PARTIES

2.       Plaintiff Shenzhen Jingpincheng is a China limited company with its principal place of business in Shenzhen City, Guangdong Province, China. Plaintiff specializes in the research, design, and distribution of lighting products and other consumer electronics products in the United States, including the Galaxy Star Projector (the "Accused Products") as shown below.

///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

 

*The Galaxy Star Projector researched, designed, and distributed by Plaintiff*

3.    Defendant Blisslights, LLC is a California Limited Liability Company with a purported principal place of business at 2625 Temple Heights Unit A, Oceanside, CA 92056. On information and belief, Blisslights, LLC is a shell entity that has been organized, in part, to hide fraudulent transfers of patent and other assets from Blisslights, Inc. and Bliss Holdiings, LLC—while Bliss Holdings, LLC was undergoing an *involuntary* bankruptcy proceeding in this District (case no.16-03584-MM7). Blisslights, LLC alleges that it is the current owner of the '045 Patent.

4.    Defendant Blisslights, Inc. is a California Corporation with a purported principal place of business at 41902 Brook Ct., Murrieta, CA 92562. Defendant Blisslights, Inc. has been suspended from doing business by the Secretary of the State of California for violating various state laws and regulations. Randy Johnson is the CEO and a director of the Board of Directors of Defendant Blisslights, Inc. according to Defendant Blisslights, Inc.'s filing with the Secretary of the State of California.

5.    Defendant Bliss Holdings, LLC is a California Limited Liability Company with a purported principal place of business at 1155 Industrial Ave, Escondido, CA 92029. Defendant Blisslights, Inc. has also been suspended from doing business by the Secretary of the State of California for violating various state laws and regulations. Randy Johnson is one of the three managers of Defendant Bliss Holdings, LLC according to Defendant Bliss Holdings, LLC's filing with the Secretary of the State of California.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF
NONINFRINGEMENT AND INVALIDITY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.     Defendant Bliss Holdings, LLC was involuntarily petitioned for a Chapter 7 bankruptcy on June 14, 2016. A true and correct docket report for Defendant Bliss Holdings, LLC's involuntary bankruptcy petition is attached as **Exhibit A**.

7.     Plaintiff does not presently know the true names and capacities of Defendants DOES 1 through 10, inclusive, and therefore sue these defendants by their fictitious names. Plaintiffs will amend this Complaint to assert the true names and capacities of Defendants DOES 1 through 10, when as they are ascertained. Plaintiff is informed and believes that each of the fictitiously named defendants sued as DOES 1 through 10, inclusive, is responsible in some manner for the acts, occurrences, liabilities, mattes, and damages alleged herein, whether such acts and occurrences were committed intentionally, negligently, recklessly, or otherwise, and that each said DOE defendant is liable therefore to Plaintiff for the damages Plaintiff suffered, as set forth in this complaint.

### III.        JURISDICTION

*A.     Subject matter jurisdiction exists*

8.     This Court thus has subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331, 1332, 1338(a), and 2201(a).

#### 1.     Diversity jurisdiction exists

9.     Complete diversity exists between Plaintiff and Defendants. The former is a China limited company; the latter includes a California corporation and two California limited liability companies.

10.     Plaintiff asserts, among other things, an intentional interference with prospective economic advantage claim against Defendants. The damages Plaintiff seeks over this claim alone is at least $75,000.

11.     Thus, diversity subject matter jurisdiction applies to this action.

#### 2.     Federal question jurisdiction exists

12.     This action also arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

**(a).    An actual case or controversy exists among the parties**

13.    Defendants have taken steps to enforce the '045 Patent against Plaintiff. Defendant Blisslights, LLC made a patent infringement complaint with Amazon.com against Plaintiff on or about July 7, 2021. Defendant Blisslights, LLC made two additional patent infringement complaints with Amazon.com against Plaintiff on or about March 12, and March 15, 2021.  True and correct copies of these three complaints are provided as **Exhibit B** attached to this Complaint.

14.    Plaintiff was the distributor of the products identified in Defendant Blisslights, LLC's three patent infringement complaints having the Amazon Standard Identification Numbers[1] (ASINs) B096XGNTBD and B08DNVLKMF.

15.    Plaintiff listed these products on Amazon.com for distribution to consumers or other entities, both of which are located within the United States. Before Defendant Blisslights, LLC filed its patent infringement claims against Plaintiff, Plaintiff earned a great number of customers located within the United States for (ASINs) B096XGNTBD and B08DNVLKMF. Plaintiff has now lost these U.S. customers.

16.    These three complaints were made by an entity called "Blisslights" and an employee of Blisslights, LLC named Dave Feldner, using the email addresses ip@blisslights.com and dfeldner@blisslights.com, respectively.

17.    Because of Defendant Blisslights, LLC's numerous patent infringement claims against Plaintiff with Amazon.com, Plaintiff's Galaxy Star Projector products (including ASIN B096XGNTBD and B08DNVLKMF) have been removed by Amazon, pursuant to Amazon's patent infringement claim policies, and are ineligible to be relisted on Amazon.com. A true and correct copy of a description of Amazon's patent infringement claim and product removal policy is attached here to as **Exhibit C**.

///

///

---

[1] An ASIN is a ten-digit alphanumeric code that uniquely identifies a product listed on Amazon.com.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

18.    Amazon removed Plaintiff's Galaxy Star Projector products (including ASIN B096XGNTBD and B08DNVLKMF) over concerns of patent infringement alleged by Blisslights, LLC and refused to relist Plaintiff's Galaxy Star Projector products.

19.    Plaintiff has lost a significant amount of sales revenues as a result of Defendant Blisslights, LLC's numerous patent infringement claims against Plaintiff with Amazon.com.

20.    When Plaintiff contacted Defendant Blisslights, LLC after Defendant Blisslights, LLC filed its patent infringement claims against Plaintiff to negotiate a resolution, Defendant Blisslights, LLC insisted that Plaintiff's products do in fact infringe Claim 6 of US 8,057,045.

21.    Maintaining its patent infringement claims against Plaintiff, Defendant refused to withdraw or suspended its patent infringement claim against Plaintiff or its products previously listed, directly or indirectly (through its sub-distributors), on Amazon.com, e.g., Plaintiff's Galaxy Star Projector products having ASINs B096XGNTBD and B08DNVLKMF.

22.    In subsequent communications with Plaintiff, Defendant Blisslights, LLC further indicated that it may take further legal actions against Plaintiff by, for example, filing a patent infringement lawsuit against Plaintiff or its sub-distributors.

23.    Thus, an immediate, real, and justiciable controversy exists between Plaintiff and Defendants as to whether Plaintiff is infringing or has infringed the '045 Patent and whether the '045 Patent is invalid.

24.    Because this action presents an actual controversy with respect to the enforceability, the noninfringement, and the invalidity of '045 Patent, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. § 2201 *et seq*.

**B.    *Supplemental jurisdiction over the state law claims exists***

25.    The state law causes of action Plaintiff stated are sufficiently intertwined with the facts alleged in the federal claims for relief to confer supplemental jurisdiction upon this Court pursuant to 28 U.S.C. § 1367.

### C. *Persona jurisdiction over the Defendants exists*

26.     This Court has personal jurisdiction over Defendants. Among other things Defendants resided, at the time the '045 Patent were prosecuted, and continue to reside in this District. As explained above, Defendants have also taken steps, in this District, to assert the '045 Patent against Plaintiff.

### IV.     VENUE

27.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants reside in this District, because a substantial part of the events giving rise to the claims at issue occurred in this District, and because Defendants are subject to personal jurisdiction within this District.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,057,045)

28.     Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

29.     Defendants have alleged and continue to allege that Plaintiff infringes the '045 Patent. The Court should enter judgment declaring that Plaintiff does not infringe the '045 Patent.

30.     Example claim 6 of the '045 Patent recites:

| Limitation | Claim Language (emphasis added) |
|---|---|
| [P] | A projection apparatus, comprising: |
| [a] | at least one *diffractive optical source*; |
| [b] | at least one coherent light source, the at least one coherent light source positioned to direct light through the at least one diffractive optical source when power is supplied thereto; |
| [c] | a power supply, wherein the at least one coherent light source and the at least one diffractive optical source generate a star field when supplied with power from the power supply; |

| [d] | at least one non-coherent light source; |
|---|---|
| [e] | a first condenser lens; |
| [f] | at least one interferential wheel, *the at least one inferential wheel positioned between the non-coherent light source and the first condenser lens; and* |
| [g] | a motor for rotating the interferential wheel, wherein the at least one non-coherent light source, the interferential wheel, the first condenser lens, and the motor generate a cloud-like effect when supplied with power from the power supply. |

31.     Plaintiff has not infringed and does not infringe any valid and/or enforceable claim of the '045 Patent, directly or indirectly, literally or under the doctrine of equivalents, through the manufacture, use, sale, and/or offer for sale of Plaintiff's Accused Products. By way of example, Plaintiff's Accused Products do not satisfy at least limitations 6[a] and 6[f] of Example claim 6.

32.     Thus, Plaintiff's Accused Products do not satisfy at least limitations 6[a] and 6[f] of example claim 6. Further, Plaintiff's Accused Products do not infringe claims 7-10 of the '045 Patent, due to their dependency from claim 6. Still further, Plaintiff's Accused Products do not infringe method claims 12-13 of the '045 Patent, because Plaintiff's Accused Products do not execute these methods, which recite steps a human user must take. The remaining claims of the '045 Patent are not infringed for at least similar reasons.

33.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '045 Patent.

35.     Plaintiff is entitled to a judicial declaration that it has not infringed and does not infringe the '045 Patent.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 78,057,045)

36.    Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

37.    As explained above, Plaintiff's accused product does not infringe the '045 Patent. Should the Court disagree, the Court should enter judgment declaring that the '045 Patent is invalid.

### A.    Invalidity under U.S.C. §§ 102, 103, and 112, and non-statutory common law doctrines.

38.    Claims 5-10 and 12-13 of the '045 Patent are invalid because the purported inventions therein fail to meet the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112, and non-statutory common law doctrines.

### a)    The '045 Patent is invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112

39.    By way of example and without limiting the grounds of invalidity that will be asserted in this action, each claim of the '045 Patent is invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112.

40.    For an example, the '045 Patent indirectly claims priority to U.S. Provisional Patent Application No. 60/815,747 (the '747 Provisional Application). Neither the '747 Provisional Application nor the '045 Patent, however, discloses a "diffractive optional source."

41.    For another example, the claims of the '045 Patent are directed generally to "projection apparatus"; however, the '045 Patent fails to convey to a person of skill in the art that the inventors were in possession of the full scope of the claimed subject matter. The '045 Patent fails to provide sufficient written description for at least the following claim limitations:

(A) "at least one *diffractive optional source*" (emphasis added);

(B) "at least one interferential wheel positioned between the non-coherent light source and the first condenser lens"; and

(C) "a motor for rotating the interferential wheel, wherein the at least one non-coherent light source, the interferential wheel, the first condenser lens, and the motor generate a cloud-like effect when supplied with power from the power supply";

to demonstrate that the inventors were in possession of the full scope of the claimed subject matter. Indeed, the specification of the '045 Patent provides no disclosure about any "diffractive optional source." In fact, such a term does not even exist in the art. It is well known that while a light source may be coherent or non-coherent, no light source is "diffractive" in nature.

42.      Further, the specification of the '045 Patent specifically requires one or more additional optical lens to be placed between the "interferential wheel" and the "non-coherent light source" such that the "interferential wheel" is not positioned between the non-coherent light source and the first condenser lens. The specification of the '045 Patent specifically teaches that additional optical lens must be placed between the non-coherent light source and the first condenser lens.

**b) The '045 Patent is invalid for failure to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor regards as the invention under 35 U.S.C. § 112**

43.      By way of example and without limiting the grounds of invalidity that will be asserted in this action, each claim of the '045 Patent is invalid for at least the reason that it is indefinite for failure to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor regards as the invention.

44.      Example claim 5 of the '045 Patent recites:

///

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

| Limitation | Claim Language (emphasis added) |
|---|---|
| [P] | A projection apparatus, comprising: |
| [a] | at least one diffractive optical source; |
| [b] | at least one coherent light source, the at least one coherent light source positioned to direct light through the at least one diffractive optical source when power is supplied thereto; |
| [c] | a power supply, wherein the at least one coherent light source and the at least one diffractive optical source generate a star field when supplied with power from the power supply; |
| [d] | a grating wheel, wherein the at least one diffractive optical source is positioned between the at least one coherent light source and the grating wheel; and |
| [e] | a first motor for rotating the grating wheel, wherein the at least one coherent light source, the grating wheel, the at least one diffractive optical source, and the first motor are adapted to generate a moving star field when supplied with power from the power supply; and |
| [f] | a second condenser lens wherein **the first** and second **condenser lenses** comprise an outer condenser lens and an inner condenser lens and wherein, when in operation, light from **the at least one non-coherent light source** passes through the inner condenser lens and the rotating interferential filter wheel, and is eventually collected and redirected by the outer condenser lens to create the cloud-like effect. |

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

45.    For a first example, as shown above, neither "the first … condenser lens[]" limitation nor "the at least one non-coherent light source" limitation finds any clear antecedent basis, nor their structural relationship, in example claim 5. Claim 5 of the '045 Patent is thus invalid for being indefinite.

46.    For a second example, as shown above, in claims 6-10 of the'045 Patent, "the at least one inferential wheel" limitation (emphasis added) lacks any clear antecedent basis in any of these claims. Claims 6-10 of the '045 Patent are thus invalid for being indefinite.

47.    For a third example, claims 5-10 of the'045 Patent fail to recite any requisite relationship or interrelation between (1) the coherent light source and (2) the diffractive optical source (assuming a "diffractive optical source" actually exists, which it does not).

48.    For a fourth example, as explained above, the claimed limitation "diffractive optional source" not only finds no support in the specification, but also defies any common sense. It is well known that while a light source may coherent or non-coherent, no light source is "diffractive" in nature.

49.    For a fifth example, as currently recited in claims 5-10 of the'045 Patent, a star field is generated by the at least one coherent light source and the at least one diffractive optical source; and a cloud-like effect is generated by the non-coherent light source, the inner condenser lens, the interferential filter wheel, and the outer condenser lens.

50.    None of the claims 5-10 of the'045 Patent, however, recites any structural relationship among (a) the at least one coherent light source, (b) the at least one diffractive optical source, (c) the inner condenser lens, (d) the interferential filter wheel, and (e) the outer condenser lens, nor any relationship between the generated (f) star field and (g) cloud-like effects.

51.    Without these requisite interrelationships, two separate projectors could be in different locations and yet still infringe or read on claims 5-10 of the'045 Patent. *In fact, the claims are so deficient that even the Patent Office (while reviewing highly similar claims) has concluded that simply owning the two known projectors would appear to infringe claims 5-10 of the'045 Patent. See* **Exhibit D**.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

1.    Claims 12 and 13 of the '045 Patent are indefinite for at least the same or similar reasons explained above with respect to claim 5-10.

> **c)  The '045 Patent is invalid for lack of novelty or being obvious in view of the prior art under 35 U.S.C. §§ 102 and 103**

52.    By way of still further example and without limiting the grounds of invalidity that will be asserted in this action, each claim of the '045 Patent is invalid under 35 U.S.C. §§ 102, 103, or both, because it is anticipated, obvious or both in view of prior art. ***On February 1, 2021, the U.S. Patent Office recently rejected highly similar, if not identical, claims to those in the '045 Patent in a patent re-issue proceeding initiated by Defendant***, which eventually resulted in Defendants expressly abandoning all their claims.  A true and correct copy of the Patent Office's rejections of these claims are provided in **Exhibit D**.

53.    By way of example, example claims 5-8 and 12-13 are obvious in view of U.S. Patent No. 5,090,789 to Crabtree ("Crabtree") and U.S. Patent No. 4,779,176 ("Bornhorst").

54.    By way of another example, example claim 9 is obvious in view Crabtree, Bornhorst, and U.S. Patent Application Publication No. 2002/0024808 ("Suehiro").

55.    By way of a third example, example claims 5-8 and 12-13 are obvious in view of Japanese Patent Application Publication No. 2003-241303 ("Ohira"), U.S. Patent Application Publication No. 2002/0075460 ("Kappel"), and Bornhorst.

56.    By way of a fourth example, example claim 9 is obvious in view Ohira, Bornhorst, Kappel, and Suehiro.

> **d)  The '045 Patent is invalid under the judicially-created doctrine of obviousness type double patenting**

57.    By way of example and without limiting the grounds of invalidity that will be asserted in this action, each claim of the '045 Patent is invalid at least under the judicially-created doctrine of obviousness type double patenting in view of the claims of the United States Patent No. 7,641,345 ("the '345 Patent") alone or in combination with other prior art references and/or the knowledge of a person of ordinary skill in the art.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

58.     All claims in the '345 Patent are "means for" claims (also known as means-plus-function claims as defined under 35 U.S.C. § 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph), which include the structure, material or acts (and equivalents) that are described in the '345 Patent's specification.

59.     Each claim of the '045 Patent recites one or more structure, material or acts (and equivalents) that are described in the '045 Patent's specification, which is identical to that of the '345 Patent.

60.     Thus, each claim of the '045 Patent is obvious in view of the claims in the '345 Patent.

### e)   The '045 Patent is unenforceable due to Defendants' inequitable conduct

61.     In prosecuting the '045 Patent before the Patent Office, Defendants (through their various outside counsels) withheld information and made misrepresentations that were material to the patentability of claims in the '045 Patent.

#### i.   Intentional failure to disclose relevant prior art to the Patent Office while under a duty to disclose

##### a)      Individuals with a duty to disclose material information to the Patent Office

62.     Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Patent Office, which includes a duty to disclose to the Patent Office all information known to that individual to be material to the patentability of the pending claims. *See* 37 C.F.R. § 1.56(a).

63.     The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the patent application becomes abandoned. *See* 37 C.F.R. § 1.56(a).

64.     Where the subject matter for which a patent is or has been involved in litigation and/or a trial proceeding, or the litigation and/or trial proceeding yields information material to the currently pending applications, the existence of such litigation and any other material

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

information arising therefrom must be brought to the attention of the examiner or other appropriate official at the U.S. Patent and Trademark Office. *See* Manual of Patent Examining Procedure § 2001.06(c).

65.    Individuals associated with the filing or prosecution of a patent application that owe a duty to disclose information material to patentability to the U.S. Patent and Trademark Office during patent prosecution include each attorney or agent who prepares or prosecutes the application. See 37 C.F.R. § 1.56(c)(2).

66.    Shelley M. Cobos is a registered Patent Attorney with the U.S. Patent and Trademark Office (Reg. No. 56,174).

67.    Shelley M. Cobos was listed as an "Attorney/Agent" for the patent applications that issued as the '045 Patent and the '345 Patent.

68.    Gordon E Gray III is a registered Patent Attorney with the U.S. Patent and Trademark Office (Reg. No. 42,602).

69.    Gordon E Gray III is currently listed as an "Attorney/Agent" for the patent application that issued as the '045 Patent since at least August 12, 2011.

70.    Norman Lee is a registered Patent Attorney with the U.S. Patent and Trademark Office (Reg. No. 58,941).

71.    Norman Lee is currently listed as an "Attorney/Agent" for one of the reissue patent application of the '045 Patent since at least November 14, 2019.

72.    Jacob W Neu is a registered Patent Attorney with the U.S. Patent and Trademark Office (Reg. No. 67,546).

73.    Jacob W Neu has been listed as an "Attorney/Agent" for the patent application that issued as the '345 Patent since at least March 8, 2018.

74.    Jacob W Neu is also the counsel for Defendants when Defendants enforced the '045 Patent against Plaintiff and many other entities on at least Amazon.com.

75.    Jacob W Neu is additionally representing Defendants before the Patent Office to obtain the '462 Reissue Application as explained below.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

1

2

**b)        Defendants' failure to disclose material**

**information and deception of the Patent Office**

3      76.      For example, during their prosecution of the '045 Patent before the Patent

4  Office (from August 12, 2009 to October 26, 2011), Defendants and their counsels (Shelley

5  M. Cobos, Gordon E Gray III, Norman Lee, and Jacob W Neu) knew numerous prior art

6  references materially relevant to the patentability (or a lack thereof) of the claims in the '045

7  Patent—but did not file a single Information Disclosure Statement (IDS) with the Patent

8  Office, failing to disclose any of these numerous relevant prior art references.

9      77.      Notably, Defendants and their counsel Shelley M. Cobos did file an IDS with

10  the Patent Office, disclosing some relevant prior art references, during their prosecution of

11  the '345 Patent—the parent patent of the '045 Patent.

12      **(b)(i) The six undisclosed U.S. prior art references**

13      78.      More notably, during Defendants' prosecution of the '345 Patent, the Patent

14  Office initially rejected all claims of the '345 Patent based on at least six prior art references

15  (US. Patent Nos. 3,707,786; 5,649,827; 6,623,126; 2,230,039; 4,497,582; and 4,588,384).

16      79.      Indeed, on July 9, 2009, Defendants and its counsel conducted an interview with

17  the patent examiner regarding the '345 Patent about how these references rendered all claims

18  in the '345 Patent obvious.

19      **(b)(ii) The numerous undisclosed foreign prior art references**

20      80.      Further, Defendants prosecuted foreign counterparts of the'045 Patent and the

21  '345 Patent in China, European Union, Austria, and Japan and as a result were made known

22  of following additional prior art references ("Undisclosed Foreign Prior Art References"):

23  JP2579547Y2; BE788891A; DD154921A1; KR920002322B1; KR970006884Y1;

24  JP2729021B2 ; JP2729021B2; JP2729021B2; KR19980060959U; DE19628455C5;

25  JP4373583B2; JP2003131560A; JP4017882B2; and JP2004354546A.

26      81.      These Undisclosed Foreign Prior Art References are materially relevant to the

27  patentability of the claims in the '045 Patent, because, by way of still further example and

28  without limiting the grounds of invalidity that will be asserted in this action, each claim of

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

the '045 Patent is invalid under 35 U.S.C. §§ 102, 103, or both in view of these Undisclosed Foreign Prior Art References.

82.    By way of example, example claims 5-8 and 12-13 are obvious in view of Crabtree, Bornhorst, and the Undisclosed Foreign Prior Art References.

83.    By way of another example, example claim 9 is obvious in view Crabtree, Bornhorst, Suehiro, and the Undisclosed Foreign Prior Art References.

84.    By way of a third example, example claims 5-8 and 12-13 are obvious in view of Ohira, Kappel, Bornhorst, and the Undisclosed Foreign Prior Art References.

85.    By way of a fourth example, example claim 9 is obvious in view Ohira, Bornhorst, Kappel, Suehiro, and the Undisclosed Foreign Prior Art References.

86.    ***In fact, on February 1, 2021, the U.S. Patent Office recently rejected highly similar, if not identical, claims to those in the'045 Patent in a patent re-issue proceeding initiated by Defendant***, which eventually resulted in Defendants expressly abandoning all their claims.  A true and correct copy of the Patent Office's rejections of these claims are provided in **Exhibit D.**

87.    Defendants and their counsels (Shelley M. Cobos, Gordon E Gray III, Norman Lee, and Jacob W Neu) were thus aware of the existence of these relevant prior art references as identified in both sections (b)(i) and (b)(ii)

88.    Yet, Defendants and their counsels disclosed none of prior art refences as identified in both sections (b)(i) and (b)(ii) to the Patent Office while prosecuting the '045 Patent, breaching their duties to disclose relevant prior art reference to the Patent Office.

### (b)(iii) The sinister requirement was met

89.    Defendants' motive for hiding these prior art references from the Patent Office was clear: the '345 Patent included merely "means for" claims, a disfavored type of patent claims: means-for claims are notoriously known for being frequently found to be indefinite and difficult to be infringed upon, because means for claims are construed to include only the structure, material or acts (and equivalents) that are described in the patent's specification.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

90.     Eager to monopoly the market, Defendants prosecuted the '045 Patent as a child case of the '345 Patent and intentionally hid the above-identified prior art references from the Patent Office to obtain patent coverage that Defendants knew that were already taught by these prior art references.

91.     Because the claims in the '345 Patent are similar to those in the '045 Patent, but for Defendants' failure to disclose and indeed intentional effort to hide these references, the '045 Patent would not have issued in the first place.

### ii.     Intentional failure to record interview summary with Patent Office

92.     37 CFR § 1.133, entitled "Interviews," in pertinent part, provides:

(b) In every instance where reconsideration is requested in view of an interview with an examiner, ***a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant***. An interview does not remove the necessity for reply to Office actions as specified in §§ 1.111 and 1.135.

93.     On July 9, 2009, Defendants and their counsel Shelley M. Cobos had an examiner interview with Examiner Magda Cruz.

94.     During this July 9, 2009 interview, Ms. Cobos argued that the two prior art references (Clark, US Patent No. 3707786 and Suzaki US Patent No. 5649827) (the "Clark and Suzaki Prior Art References") did not "teach 'means for generating a moving cloud-like effect.'"

95.     Because Examiner Magda Cruz did not "consider"[2] these two references, under the Manual of Patent Examination Procedure (MPEP) § 609.02, Defendant had a duty to

---

[2] Whether an examiner has "considered" a reference is a patent term of art. An examiner "considered" a prior art reference once the examiner places her initials next to a prior art reference listed on an applicant's Information Disclosure Statement. *See* 37 CFR 1.98 (a)(1)(i) (An IDS form must include "[a] column that provides a space, next to each document to be considered, for the examiner's initials."

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

"*resubmit*" Clark and Suzaki References in an IDS to the Patent Office, during the prosecution of the '045 Patent.

96.     Ms. Cobos intentionally failed to file a written examine interview of her July 9, 2009 interview with Examiner Magda Cruz to avoid the Clark and Suzaki Prior Art References being identified as having not been "considered" by Examiner Magda Cruz and thus to avoid resubmitting Clark and Suzaki Prior Art References in an IDS to the Patent Office—during the prosecution of the '045 Patent.

97.     The Clark and Suzaki Prior Art References are materially relevant to the patentability of the claims in the '045 Patent, because, by way of still further example and without limiting the grounds of invalidity that will be asserted in this action, each claim of the '045 Patent is invalid under 35 U.S.C. §§ 102, 103, or both in view of the Clark and Suzaki Prior Art References.

98.     By way of example, example claims 5-8 and 12-13 are obvious in view of Crabtree, Bornhorst, and the Clark and Suzaki Prior Art References.

99.     By way of another example, example claim 9 is obvious in view Crabtree, Bornhorst, Suehiro, and the Clark and Suzaki Prior Art References.

100.    By way of a third example, example claims 5-8 and 12-13 are obvious in view of Ohira, Kappel, Bornhorst, and the Clark and Suzaki Prior Art References.

101.    By way of a fourth example, example claim 9 is obvious in view Ohira, Bornhorst, Kappel, Suehiro, and the Clark and Suzaki Prior Art References.

102.    The sinister requirement was met. Defendants knew about their duty to submit a complete written statement after such an interview, but did not submit the required written statement to the Patent Office, breaching its duty to disclose to the Patent Office and the public about the patentability of the claims in the '345 Patent, which in turn affected the patentability of the claims in the '045 Patent.

103.    Defendants' motive for submit a complete written statement after such an interview was clear: the '345 Patent included merely "means for" claims, a disfavored type of patent claims: means-for claims are notoriously known for being frequently found to be

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

indefinite and difficult to be infringed upon, because means for claims are construed to include only the structure, material or acts (and equivalents) that are described in the patent's specification.

104.    Eager to monopoly the market, Defendants would like to attempt broader claims in a continuation application; intentionally failing to submit a complete written examiner interview enabled Defendants to later hide the Clark and Suzaki Prior Art References from the Patent Office in a continuation application so that Defendants could obtain patent coverage in a continuation application that Defendants knew that were already taught by the Clark and Suzaki Prior Art References.

105.    Because the claims in the '345 Patent are similar to those in the '045 Patent, but for Defendants' failure to disclose and indeed intentional effort to hide the Clark and Suzaki Prior Art References, the '045 Patent would not have issued in the first place.

### iii.    Making false statements about their repeated failures to pay patent maintenance fees

106.    Maintenance fees must be paid at 3 ½ years, 7 ½ years, and 11 ½ years after grant of a patent and each with a six-month grace period, in order to keep the patent in force." 35 U.S.C. § 41(b). Otherwise, "the patent shall expire as of the end of such grace period." Id. § 41(b)(2).

107.    Even after a patent becomes expired, a patentee may petition the Patent Office to have the patent restored, if the patentee's failure to make maintenance fee for the patent even after the six-month grace period.

108.    Twice, Defendants failed to pay the required fees to maintain the '345 Patent, resulting in the '345 Patent's expiration, but only later claimed that their failures were unintentional.

109.    Defendants' failures to pay patent maintenance fees, however, were not unintentional: Defendants and their counsels (Shelley M. Cobos, Gordon E Gray III, Norman Lee, and Jacob W Neu) knew that the claims in the '345 Patent are less valuable and also

similar to those in the '045 Patent, and Defendants thus intentionally chose not to continue maintaining the '345 Patent.

110. Defendants and their counsels (Shelley M. Cobos, Gordon E Gray III, Norman Lee, and Jacob W Neu) thus intentionally

111. Only when the validity of the '045 Patent were challenged by their accused infringers, Defendants resumed paying to the Patent Office the required patent maintenance fees for the '345 Patent. As part of this repayment process, Defendants falsely declared under the penalty of perjury that their failures to pay patent maintenance fees for the '345 Patent were unintentional, even though Defendants knew these statements were false.

112. Because the claims in the '345 Patent are similar to those in the the'045 Patent, but for Defendants' repeated failures to properly maintain the '345 Patent, the '045 Patent (the child case of the '345 Patent) would not have issued, because Defendants were engaging in pick-and-choose between these two patents and Defendants would not have the resources to prosecute the '045 Patent.

          iv. **Failure to disclose to the Patent Office that the "diffractive optical source" limitation in the '045 Patent lacks written description**

                a) **Defendants' false statements to the Patent Office in the Two Reissue Applications**

113. Defendants made false declarations to the Patent Office when prosecuting two reissue patent applications of the '045 Patent: reissue patent application no. 16/684,462 (the '462 Reissue Application); and reissue patent application no. 17/345,435 (the '435 Reissue Application) (collectively, the "Two Reissue Applications").

114. In the '462 Reissue Application, Defendants and their legal counsel Norman Lee at the law firm of Lee, Hong, Degerman, Kang & Waimey attempted to change the phrase "diffractive optical source" to "diffractive optical element."

115. As a result of this attempt change, the Patent Office rejected all claims in the '462 Reissue Application. Defendants then expressly abandoned all claims in the '462

Reissue Application.  A true and correct copy of Defendants' express abandonment is provided as **Exhibit E**.

116.    Notably, in the '462 Reissue Application, the purported inventor Randy E. Johnson declared under the penalty of perjury that this change was requested "[t]o render the subject matter of claim 6 more consistent with the disclosure of the specification in" the '045 Patent. A true and correct copy of the purported inventor Randy E. Johnson's declaration submitted to the Patent Office in the '462 Reissue Application is provided as **Exhibit F**.

117.    By requesting this change, Defendants concede that "diffractive optical source" limitation in all claims of the '045 Patent lack written description in the specification.

118.    In the '435 Reissue Application, Defendants and their legal counsel Jacob W Neu at the law firm of Bradley Arant Boult Cummings LLP attempted the exact same change (i.e., changing the phrase "diffractive optical source" to "diffractive optical element").

119.    Only this time, however, the purported inventor Randy E. Johnson declared under the penalty of perjury (a true and correct copy of which is provided as **Exhibit G**) that this change was due to Defendants' omission of a narrower claim namely "that the interferential wheel was an interferential filter wheel."

120.    This is patently false. These two declarations by the same purported inventor Randy E Johnson cannot be possibly reconciled for requesting the same change to the '045 Patent—changing the phrase "diffractive optical source" to "diffractive optical element."

121.    Changing the phrase "diffractive optical source" to "diffractive optical element" has no relationship whatsoever with "the interferential wheel was an interferential filter wheel."

122.    Defendants requested this change either because the requested change would render "the subject matter of claim 6 more consistent with the disclosure of the specification in" the '045 Patent" (as declared in the '462 Reissue Application) or because Defendants omitted a narrower claim" (as declared in the '435 Reissue Application). But not both.

123.    Thus, Defendants made false statements to the Patent Office in the Two Reissue Applications.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

1

2

3

4

5

    **b)   Defendants' false statements to the Patent Office in the Two Reissue Applications proves that Defendants intentionally failed to disclose to the Patent Office that the "diffractive optical source" limitation in the '045 Patent lacks written description**

6    124. Patent applicants have a duty to disclose to the PTO information of which they

7 are aware which is material to the examination of the application. *See Critikon, Inc. v. Becton*

8 *Dickinson Vascular Access,* 120 F.3d 1253 (1997); *see also* 37 C.F.R. §

9 1.56(a) (1996).

10    125. Whether a claim limitation lacks written description in the speciation is material

11 to the examination of the application. Because the specification shall contain a written

12 description of the invention. *See* 35 U.S.C. § 112.  To support a claim, a Spec. must describe

13 the claimed subject matter. "The hallmark of written description is disclosure. Thus,

14 'possession as shown in the disclosure' is a more complete formulation. Yet whatever the

15 specific articulation, the test requires an objective inquiry into the four corners of the

16 specification from the perspective of a person of ordinary skill in the art. Based on that

17 inquiry, the specification must describe an invention understandable to that skilled artisan

18 and show that the inventor actually invented the invention claimed." Ariad Pharm. (Fed. Cir.

19 03/22/10) (*en banc*); see generally Amgen (Sanofi) I (Fed. Cir. 10/05/17)  "The written

20 description requirement requires possession *as shown in the specification*, not as shown by

21 prior experimental work." Allergan (Fed. Cir. 08/04/15) (sufficient written description in

22 Spec.) "The scope of Centocor's right to exclude cannot 'over-reach the scope of [its]

23 contribution to the field of art as described in the patent specification.'" Centocor (Fed. Cir.

24 02/23/11). This validity requirement also is an effective-filing date requirement under 35

25 U.S.C. § 120 (see below). Cited in PowerOasis (Fed. Cir. 04/11/08): Janice M. Mueller,

26 Patent Misuse Through the Capture of Industry Standards, 17 Berkeley Tech. L.J. 623, 638

27 (2002) ("The [written description] requirement operates as a timing mechanism to ensure fair

28

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

play in the presentation of claims after the original filing date and to guard against manipulation of that process by the patent applicant.").

126.    In the '462 Reissue Application, the purported inventor Randy E. Johnson declared under the penalty of perjury that changing the phrase "diffractive optical source" to "diffractive optical element" would "render the subject matter of claim 6 more consistent with the disclosure of the specification in" the '045 Patent.

127.    Thus, as conceded by the purported inventor Randy E. Johnson in Defendants' '462 Reissue Application, Defendant knew that the "diffractive optical source" limitation recited in claim 6 of the '045 Patent is inconsistent with the disclosure of the '045 Patent.

128.    The "diffractive optical source" limitation, however, is not limited to claim 6 of the '045 Patent. The "diffractive optical source" limitation is recited, expressly or impliedly, directly or indirectly, in all claims of the '045 Patent.

129.    During the prosecution of the '045 Patent, Defendants and their counsels (Shelley M. Cobos and Gordon E Gray III) thus knew that the "diffractive optical source" limitation lacked written description in the '045 Patent'' specification, and that all claims of the '045 Patent are invalid.

130.    Defendants and their counsels (Shelley M. Cobos and Gordon E Gray III), however, failed to disclose and indeed intentionally hide the fact that the "diffractive optical source" limitation lacked written description in the '045 Patent' specification, the '045 Patent would not have issued in the first place to fraudulently obtain patent coverage that they did not deserve under the patent laws of the United States.

**v.    Making false statements about their entitlement to the priority date of the '747 Provisional Application**

131.    In prosecuting the '045 Patent and the Two Reissue Applications, Defendants and their counsels (Shelley M. Cobos, Gordon E Gray III, and Jacob W Neu) declared that the '045 Patent was entitled to the priority date (June 21, 2006) of the '747 Provisional Application.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

132.     The written description requirement is also an effective-filing date requirement under 35 U.S.C. § 120. Cited in PowerOasis (Fed. Cir. 04/11/08): Janice M. Mueller, Patent Misuse Through the Capture of Industry Standards, 17 Berkeley Tech. L.J. 623, 638 (2002) ("The [written description] requirement operates as a timing mechanism to ensure fair play in the presentation of claims after the original filing date and to guard against manipulation of that process by the patent applicant.").

133.     The '747 Provisional Application, however, does not disclose a "***diffractive optional source***," an "interferential wheel positioned between [a] non-coherent light source and [a] condenser len[]," and "a motor for rotating the interferential wheel, wherein the at least one non-coherent light source, the interferential wheel, the first condenser lens, and the motor generate a cloud-like effect when supplied with power from the power supply."

134.     Thus, the '045 Patent is not entitled to the priority date (June 21, 2006) of the '747 Provisional Application.

135.     Most tellingly, Defendants' counsel Shelley M. Cobos published various articles about how provisional patent applications should not be relied on for claiming entitled to priority due to provisional patent applications' apparent lack of written disclose. A true and correct copy of an article written by Defendants' counsel Shelley M. Cobos entitled "The Risk of Provisional Patent Applications for Inventors and Startups" is provided as **Exhibit H**.

136.     Defendants and their counsels (Shelley M. Cobos, Gordon E Gray III, and Jacob W Neu) thus knew that the '045 Patent is not entitled to the priority date (June 21, 2006) of the '747 Provisional Application, but made the false declarations to the Patent Office to fraudulently obtain patent coverage that they did not deserve under the patent laws of the United States.

137.     The sinister requirement was met. Defendants knew that the '045 Patent was not entitled to the priority date (June 21, 2006) of the '747 Provisional Application, but claimed entitlement anyway. Because there existed numerous significant prior art references that predate the filing date of the '045 Patent, but does not predate the priority date (June 21, 2006) of the '747 Provisional Application.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

138.    But for Defendants' false claim of entitlement to the priority date (June 21, 2006) of the '747 Provisional Application, the '045 Patent would not have issued in the first place.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Lack of Standing by Defendants to Assert U.S. Patent No. 8,057,045)

2.    Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

139.    On or about May 9, 2006, Alan Lee and Randy Johnson formed Defendant Bliss Holdings, LLC.

140.    On or about November 28, 2007, Alan Lee and Randy Johnson incorporated Defendant Blisslights, Inc., which became the sole manager and member of Defendant Bliss Holdings, LLC.

141.    On or about February 16, 2015, Alan Lee became the CEO and President of Defendant Bliss Holdings, LLC and Randy Johnson became a manager of Defendant Bliss Holdings, LLC.

142.    On or about February 16, 2015, Defendants Bliss Holdings, LLC and Blisslights, Inc. were both involuntarily petitioned for a Chapter 7 bankruptcy by at least three of its creditors in this District (bankruptcy court cases nos.: 3:16-bk-03586 and 3:16-bk-03584, respectively). *See* **Exhibit A**.

143.    The creditors of Defendants Bliss Holdings, LLC and Blisslights, Inc. include at least SoCal Services Inc., DLJ Services, Inc., and Roth Staffing Companies LP. *See* **Exhibit A**.

144.    Responsive to these involuntary bankruptcy petitions, Defendants Bliss Holdings, LLC and Blisslights, Inc. declared under the penalty of perjury that they were d.b.a aliases of each other and that they were one of the same entity. These declarations are false.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

145.    *One month after* Defendants Bliss Holdings, LLC and Blisslights, Inc. were both involuntarily petitioned for a Chapter 7 bankruptcy, Alan Lee and Randy Johnson formed a third entity—Blisslights LLC.

146.    On or about December 15, 2016, during Defendants Bliss Holdings, LLC and Blisslights, Inc.'s bankruptcy proceedings, Alan Lee declared under the penalty of perjury to the creditors of these two entities that Defendants Bliss Holdings, LLC and Blisslights, Inc. owned no intellectual property assets (including patent applications and patents). A true and correct copy of Alan Lee's declaration is provided as **Exhibit I**.

147.    Alan Lee's declaration was false, because Defendants Bliss Holdings, LLC and Blisslights, Inc. owned both the '345 Patent and the '045 Patent.

148.    Through Alan Lee's declaration about lack of IP assets, Defendants Bliss Holdings, LLC and Blisslights, Inc. hide the existence of the '345 Patent and the '045 Patent from their creditors in the involuntary Chapter 7 bankruptcy proceedings, case nos. 3:16-bk-03586 and 3:16-bk-03584.

149.    As of result of Defendants Bliss Holdings, LLC and Blisslights, Inc.'s false declaration, the '345 Patent and the '045 Patent were not transferred to their rightful owners: the creditors of Defendants Bliss Holdings, LLC and Blisslights, Inc.

150.    But for Defendants Bliss Holdings, LLC and Blisslights, Inc.'s false declaration, the ownership of the '345 Patent and the '045 Patent would have been transferred from Defendants Bliss Holdings, LLC and Blisslights, Inc. to one or more of their creditors in these voluntary bankruptcy proceedings (SoCal Services Inc., DLJ Services, Inc., and Roth Staffing Companies LP).

151.    On or about August 15, 2017, while their involuntary Chapter 7 bankruptcy proceedings were still ongoing, Defendants Bliss Holdings, LLC and Blisslights, Inc. transferred the ownership of the '345 Patent and the '045 Patent to Defendant Blisslights, LLC for one dollar. A true and correct copy of this patent ownership transfer agreement is provided as **Exhibit J**.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

152.    At no time during their involuntary Chapter 7 bankruptcy proceedings, Defendants Bliss Holdings, LLC and Blisslights, Inc. disclosed their ownership of the '345 Patent and the '045 Patent to their creditors and the bankruptcy trustee.

153.    Thus, Defendants Bliss Holdings, LLC, Blisslights, Inc., and Blisslights, LLC are not legal rightful owner of the '345 Patent and the '045 Patent. One or more creditors of Defendants Bliss Holdings, LLC, Blisslights, Inc. (e.g., SoCal Services Inc., DLJ Services, Inc., and Roth Staffing Companies LP.) are the legal rightful owner(s) of the '345 Patent and the '045 Patent.

154.    Thus, Defendants Bliss Holdings, LLC, Blisslights, Inc., and Blisslights, LLC has no legal standing to assert the '045 Patent in any way against Plaintiff.

155.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

156.    A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '045 Patent.

157.    Plaintiff is entitled to a judicial declaration that Defendants Bliss Holdings, LLC, Blisslights, Inc., and Blisslights, LLC has no legal standing to assert the '045 Patent in any way against Plaintiff.

## FOURTH CLAIM FOR RELIEF
### (Intentional Interference with Prospective Economic Advantage)

158.    Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

159.    Plaintiff and one or more of its customers (e.g., buyers of Plaintiff's accused product listed on Amazon.com) were in an economic relationship that probably would have resulted, and in fact did result, in an economic benefit to Plaintiff.

160.    Defendants knew of the relationship among Plaintiff and its one or more of customers (e.g., buyers of Plaintiff's accused product listed on Amazon.com).

3.    Defendants engaged in at least the follow wrongful conduct:

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

a. while making the patent infringement accusation against Plaintiff with Amazon.com, Defendants misrepresented and failed to disclose:

    i. the invalidity of the '045 Patent,

    ii. the fact that claims 1-4 and 11 have been canceled because they were invalid for being obvious over the prior art, and only claims 5-10 and 12-13 remain in the '045 Patent, and

    iii. that any patent infringement accusation under the '045 Patent must be made by reference to the U.S. Patent No. 8,057,045 C1—not merely U.S. Patent No. 8,057,045, the many claims of which have been involuntarily cancelled;

b. Defendants failed to disclose and indeed hide relevant prior art references from the Patent Office, while under an affirmative duty to disclose such prior art references, during the prosecution of the '045 Patent and two of its Two Reissue Applications;

c. Defendants made conflicting and false declarations under the penalty of perjury when prosecuting the Two Reissue Applications; and

d. Defendants misrepresented the validity of the '045 Patent and used these misrepresentations to illegally stifle competition from Plaintiff and its more technologically advanced products, e.g., falsely reporting Plaintiff's Accused Products as infringing the '045 Patent, while Defendants knew or should have known that the '045 Patent is invalid, that Plaintiff's accused product does not infringe the '045 Patent, or both.

161.   By engaging in these wrongful actions, Defendants intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur, because Defendants knew that asserting a false patent infringement against Plaintiff with Amazon.com would result in Plaintiff's Accused Products becoming unavailable to Plaintiff's one or more customers.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

162.    Defendants indeed made a false patent infringement against Plaintiff with Amazon.com and the relationship between Plaintiff and its one or more customers was indeed disrupted.

163.    Plaintiff was harmed and Defendants' conduct described in this complaint were a substantial factor in causing Plaintiff's harm.

### FIFTH CLAIM FOR RELIEF
### (Unfair Business Practices – Bus. and Prof. §§ 17200, 17500)

164.    Plaintiff hereby re-alleges and incorporates by reference the allegations stated in all preceding paragraphs as though fully set forth herein.

165.    By engaging in the course of conduct described herein, all Defendants have engaged in a series of unfair, unlawful, or fraudulent business acts and practices prohibited by Business and Professions Code section 17200 et seq. (the "UCL") with respect to their dealings with Plaintiff.

166.    Among other acts, and without limitation, Defendants violated the UCL by engaging in at least the following wrongful conduct:

    e.    while making the patent infringement accusation against Plaintiff with Amazon.com, Defendants misrepresented and failed to disclose:

        i.    the invalidity of the '045 Patent,

        ii.    the fact that claims 1-4 and 11 have been canceled because they were invalid for being obvious over the prior art, and only claims 5-10 and 12-13 remain in the '045 Patent, and

        iii.    that any patent infringement accusation under the '045 Patent must be made by reference to the U.S. Patent No. 8,057,045 C1—not merely U.S. Patent No. 8,057,045, the many claims of which have been involuntarily cancelled;

    f.    Defendants failed to disclose and indeed hide relevant prior art references from the Patent Office, while under an affirmative duty to

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

disclose such prior art references, during the prosecution of the '045 Patent and two of its Two Reissue Applications;

g.   Defendants made conflicting and false declarations under the penalty of perjury when prosecuting the Two Reissue Applications; and

h.   Defendants misrepresented the validity of the '045 Patent and used these misrepresentations to illegally stifle competition from Plaintiff and its more technologically advanced products, e.g., falsely reporting Plaintiff's Accused Products as infringing the '045 Patent, while Defendants knew or should have known that the '045 Patent is invalid, that Plaintiff's accused product does not infringe the '045 Patent, or both.

167.    Defendants' conduct was unlawful. Because, for example, Defendants' made the patent infringement accusation against Plaintiff with Amazon.com, while knowing that the '045 Patent was valid.

168.    Defendants' conduct was unfair. Because, for example, Defendants' made the patent infringement accusation against Plaintiff with Amazon.com, while knowing that the '045 Patent was valid.

169.    Defendants' conduct was fraudulent. Because, for example, Defendants' made the patent infringement accusation against Plaintiff with Amazon.com, while knowing that the '045 Patent was valid.

170.    Defendants' conduct was also immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff.

171.    Plaintiff seeks an order of this Court under section 17203 of the UCL, enjoining Defendants from any further such unlawful, unfair, and fraudulent conduct or the like.

///

///

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.    General damages in an amount according to proof;

B.    Punitive damages in an amount within the jurisdiction of this Court;

C.    A judgment declaring that Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '045 Patent;

D.    A judgment declaring that the '045 Patent is invalid;

E.    A Court declaration that this case is exceptional under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, costs, and expenses incurred in this action;

F.    A Court order enjoining Defendants from any further unlawful, unfair, and fraudulent conduct described in this Complaint.

G.    All further relief as the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.


DATED: November 24, 2021                                    Respectfully submitted,




_____
Zheng "Andy" Liu (SBN 279327)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Telephone: 650.475.6289
Facsimile: 510.987.8411
Email: Andy.liu@aptumlaw.us
*Attorneys for Plaintiff*
*ShenZhen JingPinCheng*
*Electronic Technology Co., Ltd.*

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**