UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHEN JINGPINCHENG ELECTRONIC TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BLISSLIGHTS, LLC, et al.,<br><br>Defendants. | Case No.: 21cv1393-LL-RBB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 31]** |

This matter is before the Court on the Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), filed by Defendant Blisslights, LLC ("Defendant"). ECF No. 31. Plaintiff Shenzhen JingPinCheng Electronic Technology Co., Ltd. ("Plaintiff") filed its opposition to the Motion. ECF No. 34. Defendant filed its reply. ECF No. 36. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court finds that Plaintiff has not met its burden to establish standing to seek declaratory judgment against a patent holder. The Motion to Dismiss is therefore **GRANTED**.

## I. BACKGROUND

Plaintiff is a Chinese limited company with its principal place of business in Shenzhen City, Guangdong Province, China, and specialized in the research, design, and distribution of lighting products and other consumer electronics products in the United States, such as the Galaxy Star Projector. ECF No. 30 ¶ 2. Defendant Blisslights, LLC is a California limited liability company with its principal place of business in Oceanside, CA. *Id.* ¶ 3. Defendants Blisslights, Inc. and Bliss Holdings, LLC are California entities that have been suspended from doing business by the Secretary of State of California for violating various state laws and regulations. *Id.* ¶¶ 4-5.[1] Plaintiff alleges that Defendant misused United States Patent No. 8,057,045 (the "045 Patent") in an attempt to monopolize the market and seeks declaratory judgment ruling that the 045 patent was not infringed and not valid. *See id.* at 2

Plaintiff filed this case on August 3, 2021, alleging patent claims under the Declaratory Judgment Act ("DJA"), 28 U.S.C § 2201, and claims under California law for tortious interference and unfair business practices. ECF No. 1. On August 25, 2021, Defendant filed a motion to dismiss, seeking dismissal of Plaintiff's complaint on substantially similar grounds as those put forth in the instant Motion. ECF No. 5. On November 10, 2021, this Court dismissed Plaintiff's DJA claims for failure to sufficiently allege standing, dismissed Plaintiff's unfair business practices claim for failure to state a claim, and granted Plaintiff fourteen days to amend its complaint. ECF No. 29 (Curiel, J.). The dismissal order admonished both parties for failing to clearly articulate the applicable legal standards or provide factual context to support their arguments and instructed both parties to provide the relevant law and explain the applicability of the facts to the law in future motions. *Id.* at 9-10.

---

[1] Blisslights, Inc. and Bliss Holdings, LLC have not been served and have not entered an appearance in this action. As such, all references to Defendant refer to Blisslights, LLC.

Plaintiff filed its FAC on November 25, 2022, which re-alleges the same three claims for declaratory relief under the DJA and two state law claims with largely the same supporting allegations as its initial complaint. ECF No. 30. Plaintiff's FAC asserts five claims: three claims—under the DJA—(1) for declaratory judgment of non-infringement of the "045 Patent; (2) for declaratory judgment of the invalidity of the 045 Patent; (3) for declaratory judgment that Defendant lacks standing to assert the 045 Patent; and two claims—under California state law—(4) for intentional interference with prospective economic advantage; and (5) unfair business practices. ECF No. 30. More specifically, the FAC alleges that Defendant took steps to enforce the 045 Patent against Plaintiff by filing three patent infringement complaints with Amazon.com, in March and July 2021, related to two products identified by Amazon Standard Identification Numbers ("ASINs") B096XGNTBD and B08DNVLKMF. *Id.* ¶ 13. Plaintiff alleges that it was the distributor of the two products identified in the aforementioned complaints. *Id.* ¶ 14. Plaintiff seeks declaratory relief under the DJA, injunctive relief, and damages. *Id.* ¶¶ A-G.

### A. Preliminary Considerations

Under Civil Local Rule 83.1, noncompliance with the Federal Rules of Civil Procedure, the Civil Local Rules, and this Court's orders are "grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1.a. As detailed below, Plaintiff has repeatedly failed to observe the applicable rules or respond to this Court's orders such that dismissal of this action would be warranted. However, due to the Court's preference for deciding the case on substantive grounds, the Court proceeds to consider the instant Motion and Plaintiff's untimely opposition. Plaintiff is strongly admonished that further failure to comply with the Federal Rules of Civil Procedure, the Civil Local Rules, or this Court's orders may result in the imposition of sanctions.

### 1. Untimeliness, Failure to File Amended Pleading with Changes Shown

Plaintiff filed its opposition to the Motion to Dismiss on January 13, 2022 [ECF No. 34], six days after the January 7, 2022 deadline set by the Court's order setting briefing schedule on the instant Motion [ECF No. 32]. Plaintiff has consistently and inexplicably failed to meet deadlines set by this Court, in contravention of its orders, without explanation and without seeking leave for the extension of deadlines.[2] Plaintiff has also failed to provide a red-lined—or otherwise notated—version of the FAC showing changes from its prior complaint, as required for amended pleadings filed after a motion to dismiss has been granted. CivLR 15.1.c. While the latter oversight is procedural in nature, Plaintiff's late filed opposition is sufficient basis to grant Defendant's Motion to Dismiss. Failure to file a timely response may constitute "consent to granting of a motion or other request for ruling by the Court." CivLR 7.1.f.3. *See also V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (claims can be abandoned if their dismissal is unopposed).

### 2. Unserved Defendants

Plaintiff alleges that defendants Blisslights, Inc. and Bliss Holdings, LLC (the "unserved parties") are suspended entities. ECF No. 30 ¶¶ 4-5. Plaintiff has not effected service upon the unserved parties, articulated its attempts or inability to serve those defendants, or moved for an extension of time to serve them. Although state law determines whether suspended corporations or partnerships may be sued, Fed. R. Civ. P. 17(b), the Court is unable to determine the exact state law provisions applicable to the unserved parties based on the allegations of the FAC. *Cf. Reed v. Norman*, 48 Cal.2d 338, 343 (1957) (corporations suspended for nonpayment of taxes may not defend itself in legal actions while suspended). However, it is clear that under California state law, suspended

---

[2] Without explanation or seeking leave for additional time, Plaintiff filed both its opposition to Defendant's first motion to dismiss [ECF No. 24] and the FAC [ECF No. 30] late.

corporations may be sued and served. *See, e.g., Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (1999); Cal. Code. Civ. P. § 416.20. Under Federal Rule of Civil Procedure 4(m) and Local Civil Rule 4.1.a, the summons and complaint must be served upon a defendant within ninety days after a complaint is filed. Fed. R. Civ. P. 4(m); CivLR 4.1.a. More than one year has passed since the original complaint was filed, and the FAC was filed more than eight months before the date of this Order. The Court's prior order notified Plaintiff of its failure to effect service on the unserved parties. ECF No. 29 at 2 n.1. Likewise, in the time this action has been pending, Plaintiff has neither served nor identified any Doe Defendants. As such, the unserved parties and Doe Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

### 3. Jurisdictional Allegations

Plaintiff alleges that this Court may exercise subject matter jurisdiction over this matter "at least" on the basis of a federal question, diversity of citizenship, patent jurisdiction, and jurisdiction on the basis of the DJA. ECF No. 30 ¶ 8. Plaintiff predicates diversity jurisdiction on the basis that it seeks damages of at least $75,000, that it is a China limited liability company and that named Defendants are a California corporation and two California limited liability companies. *Id.* ¶¶ 8-9. Plaintiff predicates federal question jurisdiction on the basis of its DJA claims related to patents. *Id.* ¶ 12. Rule 8 requires that a pleading contain a short and plain statement of the grounds for the court's jurisdiction, Fed. R. Civ. P. 8(a)(1). However, Plaintiff has not sufficiently alleged the citizenship of the named parties to invoke diversity jurisdiction. *See generally, Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.") To allege the citizenship of an LLC, a party must allege the citizenship of every member of the LLC. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). To allege the citizenship of corporation, a party must allege the state of incorporation and the state of the corporation's principal place of

business. *Id.* To support the existence of diversity jurisdiction, the party seeking federal jurisdiction must also plausibly allege the amount in controversy. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (applying the plausibility standard to jurisdictional allegations under Rule 8(a)(1)). Plaintiff asserts that Defendant's failure to challenge the existence of diversity jurisdiction settles the issue. ECF No. 34 at 3 n.1. However, "[t]he defense of a lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action when it appears that the court lacks jurisdiction." *Office & Prof. Emps. Ins. Trust Fund v. Laborers Funds Admin. Off., Inc.*, 783 F.2d 919, 921 (9th Cir. 1986) (internal quotations and citation omitted). Despite Plaintiff's deficient allegations to invoke diversity jurisdiction, the Court is satisfied that this action arises under patent law and proceeds to examine whether it has subject matter under 28 U.S.C. § 1338.

## II. LEGAL STANDARD

As discussed above, the Court's jurisdiction in this matter is predicated on the United States Patent Act, 28 U.S.C. § 1338. Therefore, the Court applies the law of the United States Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1295(a)(1) (stating that the Federal Circuit has exclusive jurisdiction over appeals from a district court in any civil action involving claims arising under "any Act of Congress relating to patents[.]"). However, the Court applies Ninth Circuit law to "procedural questions that are not themselves substantive patent law issues so long as they do not: (1) pertain to patent law; (2) bear an essential relationship to matters committed to [the Federal Circuit's] exclusive control by statute; or (3) clearly implicate the jurisprudential responsibilities [of the Federal Circuit] in a field within its exclusive jurisdiction." *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1360 (Fed. Cir. 2001) (internal citations omitted). "Whether an actual case or controversy exists so that a district court may entertain an action for declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) (internal quotations and citation omitted). A matter must be dismissed if a plaintiff does not have standing at the time a

patent suit is commenced. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005).

"It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction, but merely provides an additional remedy in cases where jurisdiction is otherwise established." *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 280 (9th Cir. 1988) (internal quotations and citations omitted). "The party seeking to establish declaratory judgment jurisdiction bears the burden of demonstrating that an Article III case or controversy exists at the time the claim for declaratory relief is filed." *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1328 (Fed. Cir. 2012) (citing *Arris Grp., Inc. v. British Telecomms., PLC*, 639 F.3d 1368, 1373 (Fed. Cir. 2011)). To establish Article III standing a under the DJA, a claim must involve an actual controversy which is "definite and concrete, touching the legal relations of parties having adverse legal interests" and be "real and substantial." *Aetna Life Ins. Co. v. Haworth*, 200 U.S. 227, 239-240 (1937); *see also* 28 U.S.C. § 2201(a) (limiting scope to actual controversies). In other words, a plaintiff asserting a claim under the DJA must "show that there is a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), *rev'd in part on other grounds by Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013). Nonetheless, because federal courts do not have a duty to grant declaratory judgment, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), trial courts have "significant discretion in determining whether or not to exercise declaratory judgment jurisdiction "even if a case or controversy exists," *Matthews*, 695 F.3d at 1328 n.3 (citing *MedImmune*, 549 U.S. at 136); *accord Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008).

### III. DISCUSSION

#### A. Standing

Once a Plaintiff's jurisdictional allegations are challenged—for instance, by a factual challenge brought through a Rule 12(b)(1) motion to dismiss—"[t]he district court

must satisfy itself that there is a factual basis for it to exercise jurisdiction, and in doing so it may review evidence extrinsic to the pleadings[.]" *3M Co.*, 673 F.3d at 1378 (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993)) (internal quotation omitted). To meet the Article III standing requirement in a declaratory judgment claim against a patent holder, a plaintiff must allege "both (1) an affirmative act by the patentee related to the enforcement of his patent rights, *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007), and (2) meaningful preparation to conduct potentially infringing activity, *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880 (Fed. Cir. 2008)." *Ass'n for Molecular Pathology v. U.S. PTO*, 689 F.3d 1303, 1318 (Fed. Cir. 2012), *rev'd in part on other grounds sub nom. Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013).

The Court's prior order laid out the applicable standard above. *See* ECF No. 29. The order noted that that Plaintiff's allegations that Defendant took steps to assert the 045 patent were conclusory and unsupported by factual allegations in the now-dismissed complaint, or Plaintiff's Exhibit B, an undated, unnamed, email communication not specifically identifying Plaintiff's products as infringing. ECF No. 29 at 8. The order also noted that Plaintiff's complaint "present[ed] no allegation that Plaintiff engaged in any meaningful preparation to conduct potentially infringing activity in the United States" and accordingly found that the second factor supporting Article III standing had not been sufficiently alleged. *Id.* at 9.

Defendant's Motion to Dismiss, brought under both Rule 12(b)(1) and 12(b)(6), argues that Plaintiff lacks standing to assert claims under the DJA and that Plaintiff's allegations fail to state a claim upon which relief may be granted for its second, fourth, and fifth claims. ECF No. 31-1. Defendant makes both facial and factual challenges to Plaintiff's DJA claims. Facial challenges attack the legal sufficiency of a claim while factual challenges attack the truth of the allegations. *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). Defendant's facial challenge contends that Plaintiff's allegations do not connect any behavior by Defendant to enforce the 045 Patent against Plaintiff.

Defendant's factual challenge contends that Plaintiff's supporting evidence fails to support its own allegations because it shows either insufficient or irrelevant information to Plaintiff's claims.

A communication from a patent holder "merely identifying" a patent and an opposing party's product line is insufficient to establish an affirmative act related to the enforcement of their patent rights. *See 3M Co.*, 673 F.3d at 1378-79. On the other hand, there is "*necessarily*, a case or controversy adequate to support declaratory judgment jurisdiction" "if a party has actually been charged with infringement of the patent[.]" *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009) (internal quotation and citation omitted). For other cases, the Court determines whether there is an actual controversy sufficient to support declaratory judgment jurisdiction on a case-by-case basis. *3M Co.*, 673 F.3d at 1379. The Court looks to whether it can be reasonably inferred from the patentee's objective words and actions that they demonstrated an intent to enforce a patent. *See Hewlett-Packard*, 587 F.3d at 1363.

Plaintiff's FAC alleges that "Defendant Blisslights, LLC made a patent infringement complaint with Amazon.com against Plaintiff on or about July 7, 2021" and "made two additional patent infringement complaints with Amazon.com against Plaintiff on or about March 12, and March 15, 2021." ECF No. 30 ¶ 13. Plaintiff allegations further specify that it was the distributor of the products subject to Defendant's three infringement claims, identified by ASINs B096XGNTBD and B08DNVLKMF, that it listed those products on Amazon.com for consumers and other entities in the United States, that the two products were removed from Amazon.com and are unable to be relisted as a result of Defendant's complaints, that it lost customers for its "Galaxy Star Projector" products, including the two ASINs identified, and that Defendant subsequently communicated to Plaintiff that it

9

21cv1393-LL-RBB

may file a patent infringement lawsuit against Plaintiff or its sub-distributors.[3] *Id.* ¶¶ 14-22. While the allegations of the FAC appear to be sufficient to state a claim that Defendant took an affirmative act to enforce its patent against Plaintiff, because Defendant moves to dismiss pursuant to Rule 12(b)(1), the Court looks further to Plaintiff's supporting evidence to determine whether Plaintiff can establish standing. *See Cedars-Sinai Med. Ctr.*, 11 F.3d at 1584 (noting that once challenged, allegations alone are insufficient to establish jurisdiction, and the Court must scrutinize evidence to determine standing).

Plaintiff's supporting documentation, marked as Exhibit B and attached to the FAC [ECF No. 30-1 at 21-26], are two emails that appear to originate from Amazon.com which state that a product listing was removed due to a complaint alleging infringement of the 045 Patent.[4] *Id.* The header information indicates that the first email [*id.* at 22-24] was sent from Amazon to "Fanny Chen," forwarded to Xiaowei Huang[5] on March 16, 2021, and further forwarded to counsel for Plaintiff on March 15, 2021. The email notifies the recipient that the product identified under ASIN B08MT9KL95 was removed due to a

---

[3] Plaintiff does not specifically allege the date of its communications with Defendant. To the extent that it seeks to allege that communications that occurred after this action was filed, such communications cannot form the basis of this Court's jurisdiction. *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906 (Fed. Cir. 2014).

[4] The Court notes that substantial portions of the exhibits are Chinese text and that Plaintiff has not explained the content of the text or filed translations for the Court. Plaintiff has also unilaterally redacted information in its exhibits without explanation and without moving for a protective order or order to seal. Plaintiff's opposition to the instant Motion partially translates the second email, noting that the subject is "Patent Infringement Complaint" and that the sender's name is Xiaowei Huang. ECF No. 34 at 11. Plaintiff also notes that the redacted portions of the message are email addresses and asserts, without providing legal basis, that "it is common practice that such private information . . . are redacted from public court filings" and that "pleadings are capable of being protected by a protective order[.]" Plaintiff has not moved for a protective order. *Id.* at 10-11.

[5] *See supra*, note 3. (Plaintiff identified the same sender/recipient as Xiaowei Huang).

claim by "dfeldner@blisslights.com" asserting patent infringement based on the 045 Patent. *Id.* at 23. The header information for the second email [*id.* at 25-26], titled "Patent Infringement Complaint,"[6] indicates that it was sent from Amazon to Xiaowei Huang before being forwarded to counsel for Plaintiff. *Id.* at 25. The email notifies the recipient that the product identified under ASIN B08MBBYDX7 was removed due to a claim by "dfeldner@blisslights" asserting patent infringement based on the 045 Patent. *Id.* at 25-26. *Id.* at 25-26. Noting that Plaintiff's FAC alleges that Defendant filed three separate complaints with Amazon.com against it, the Court also considers Exhibit A of Plaintiff's opposition to Defendant's first motion to dismiss Plaintiff's complaint, a third email with the subject header "Notice: Policy Warning," sent from Amazon.com and dated July 23, 2021. ECF No. 24 at 30. The email, which appears to be redacted and shows no recipient information, notifies the recipient that Amazon.com received a report from "ip@blisslights.com" that the products identified under ASINs B096XGNTBD and N08DNVLKMF infringe the 045 Patent. *Id.* The Court also considers the declaration of Weir Huang,[7] which states that he is a business executive for Plaintiff, explains that the third email "shows that Defendant made a patent infringement complaint against Plaintiff on or about July 7, 2021." *Id.* at 28-29.[8]

---

[6] *See supra*, note 3. Translation provided by Plaintiff.

[7] Plaintiff explains that Weir Huang is an alias of Xiaowei Huang. *See* ECF No. 36 at 11.

[8] Plaintiff incorrectly asserts in its opposition that it "incorporated the declaration of Weir Huang and its accompanying exhibits into the FAC. The subject matter issue is thus presumptively cured." ECF No. 5. While a document may be incorporated into a complaint if the plaintiff refers to it extensively or it forms the basis of the plaintiff's claim, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), neither is true here because the FAC does not refer to the declaration or its exhibits extensively, nor do they form the basis for Plaintiff's claim. Nevertheless, the Court considers the declaration and exhibits to Plaintiff's prior opposition as extrinsic evidence in the record. *See Cedars-Sinai Med. Ctr.*, 11 F3d at 1584.

Defendant contests the truth of Huang's declaration, noting that Huang "has been publicly associated with a different Chinese seller of 'Star Projector' products called Shenzhen Nanxin Technology Co., Ltd." ECF No. 36 at 2. Defendant filed two exhibits supporting its position, which it describes as screen captures of the website of Shenzhen Nanxin Technology showing its "Smart Star" projector products, and a copy of a publicly available document from the Federal Communications Commission's website, dated November 12, 2018, that shows the signature of Weir Huang and indicates that he is a manager for Shenzhen Nanxin Technology Limited.

Considering all the factual evidence before it, the Court finds that although Defendant's words and actions could reasonably be inferred as taking steps to enforce the 045 Patent, the record evidence does not support that any of Defendant's actions were directed at Plaintiff. Plaintiffs first and second emails are pertinent to product ASINs that Plaintiff neither identifies nor references in its FAC. As such, they do not support Plaintiff's allegations. Even if Plaintiff had alleged that the ASINs identified in the first and second emails were its own, Plaintiff's unilateral redactions, its inability or unwillingness to show or allege the original recipients of both emails, and Defendant's evidence regarding Weir Huang cast considerable doubt on their probative value, if any. The third email identifies Defendant as the party asserting the 045 Patent related to two product ASINs alleged to be Plaintiff's products, but the email neither identifies a sender or recipient nor demonstrates that removal or other adverse action was taken against the identified products. The Court therefore finds that the third email does not support Plaintiff's allegation that the two products were removed due to Defendant's complaint, or that Defendant took actions to enforce its patent against Plaintiff.

Plaintiff's opposition to the instant Motion additionally argues that it is identified by the seller identification number ("Amazon Seller ID") shown in all three emails. ECF No. 34 at 9. Upon examination, the Court finds that the number referenced by Plaintiff is contained in a uniform resource locator (colloquially known as a "URL" or "web address") included in the signature block of the emails, directing recipients to the download page for

the "Amazon Seller" application listing for Apple devices. The URL is not specific to Plaintiff, and Plaintiff's assertion that its Amazon Seller ID is a number contained in a generic link for the Amazon Seller application further contradicts its allegations. At best, Plaintiff's factual support can be taken to show that Defendant took affirmative steps to enforce its patents against other parties through Amazon.com for the ASINs listed. Plaintiff has not put forth any factual support for its allegations that Defendant communicated its intent or made other efforts to enforce the 045 Patent, or any other patent, directly to Plaintiff. Accordingly, Plaintiff has not shown that there is an actual controversy between itself and the Defendant, and the Court cannot find that there is a factual basis for it to exercise jurisdiction. Because this Court cannot exercise jurisdiction in this case, the Court does not analyze the merits of Plaintiff's claims.

### B. State Law Claims

In addition to its DJA claims, Plaintiff's FAC also brings claims under California state law for intentional interference with prospective economic advantage and for unfair business practices under the California Business and Professions Code, sections 17200 and 17500. ECF No. 30 ¶¶ 158-171. Because the Court has dismissed all claims over which it may have original jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3); *see San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (A district court can decline jurisdiction under any of the four provisions of 28 U.S.C. § 1367(c)). Accordingly, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

### C. Leave to Amend

Although requests for leave to amend are generally granted with "extreme liberality," the Court considers the factors laid out in *Foman v. Davis*, 371 U.S. 178, 182 (1962) when considering whether to grant leave to amend: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). "Of the *Foman* factors, prejudice to the opposing party

13

21cv1393-LL-RBB

carries the most weight." *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court has "particularly broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)). Additionally, the Court's discretion under the DJA alone is sufficient basis to deny leave to amend a complaint. *See Leadsinger*, 512 F.3d at 533.

Plaintiff requests that the Court grant leave to amend its complaint if the Motion to Dismiss is granted. ECF No. 34 at 25. Defendant responds that Plaintiff's actions have incurred past and ongoing prejudice to Defendant, as evidenced by the need to respond to pleadings that are "deficient on their face" and "consistently filed out of time," causing defendant additional costs and uncertainty surrounding this litigation. ECF No. 36 at 10. Plaintiff's FAC failed to address the deficiencies in its original complaint that were clearly articulated in this Court's prior order granting Plaintiff leave to amend its complaint, and the Court finds find that further amendment would be futile, given Plaintiff's inability to factually support its deficient allegations as previously identified. Furthermore, Defendant would be unduly prejudiced by further amendment, especially in light of Plaintiff's failure to observe applicable rules and this Court's orders, as discussed elsewhere in this Order. Accordingly, Plaintiff's request for leave to amend its complaint is **DENIED** for failure to cure deficiencies by previous amendment, futility, and undue prejudice to the Defendant.

## IV. CONCLUSION

In accordance with the above, the Court **ORDERS** as follows:

1. Defendants Blisslights, Inc., Bliss Holdings, LLC, and Doe Defendants 1-10 are **DISMISSED WITHOUT PREJUDICE**.

2. Defendant Blisslights, LLC's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 31] is **GRANTED**. Counts I-III of the FAC, seeking declaratory relief, are **DISMISSED WITH PREJUDICE**.

3. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Counts IV and V of the FAC are **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

4. The Court **DENIES** leave to amend the FAC.

5. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: August 17, 2022

Honorable Linda Lopez
United States District Judge